MARTIN JOHNSON, Appellant, *vs.* KATE G. CARPENTER, Resp't.

APPEAL FROM THE DISTRICT COURT OF HENNEPIN COUNTY.

A mortgage on lands given to secure a negotiable promissory note, is not for that reason invested with any of the privileges or immunities of negotiable paper; it is a chose in action, and subject to all the disabilities incident to that species of property, qualified by the operation of the registry acts so far as applicable.

A payment of the amount due upon a mortgage, to the mortgagee, by the mortgagor, after the mortgage has been assigned, but without notice of the assignment by the mortgagor, will extinguish the lien of the mortgage. In such case the mortgagee becomes trustee of the amount of the mortgage for the benefit of the assignee or owner of the debt secured.

When it is uncertain whether a mortgage has been paid before, at, or after the due day, the law will presume that the payment was made at the day.

Points and Authorities of Appellant.

I.—A mortgage is not, and cannot be negotiable. It has not a single attribute or peculiarity of negotiable paper. To be negotiable, an instrument "must be a simple, general, mere promise to pay." 1 *Am. Lead. Cas.*, 305. The liability to pay must be personal and absolute, and the instrument must be payable at all events, and at some time which must certainly come." 1 *Am. Lead. Cases*, 309. "It must be payable in money only, and cannot be for the payment of money

and the performance of some other acts." 1 *Am. Leading Cas.*, 315; 16 *Barb.*, 643; 1 *Spear S. C. R.*, 127; 1 *Haywood*, 182.   " It must contain words of negotiability, such as 'or order,' 'or bearer.' " 1 *Am. Lead. Cas.*, 317; 10 *Conn.*, 298; 11 *Ohio*, 102; 3 *Harrington*, 385; 1 *Kelley*, 75; *ib.*, 236. "An instrument under seal, though in the form of a negotiable promissory note, is not negotiable." 1 *Am. Lead. Cas.*, 323; 4 *McCord*, 159; 5 *Hill.*, 646; 3 *Minn.*, 335; *Story on Prom. Notes*, sec. 55; 15 *Wend.*, 256; 5 *John*, 239; 13 *East.*, 509; 3 *Bar. & Cresw.*, 45; *Story on Bills*, sec. 61; 1 *Page*, 131.

II.—Because a mortgage is always, as unqualifiedly laid down in all the books, " undoubtedly a chose in action." 3 *Lead. Cas. in Eq.*, 375; 22 *N. Y.*, 535; 18 *N. Y.*, 575; *Hopkins Ch R.*, 569; 9 *Cow.*, 316; 2 *Leading Cases in Eq.*, 81; 1 *Sandf., Ch.*, 569; 3 *Barb. Ch.*, 451; *ib.*, 647; 14 *Simons R.*, 76; *Skinner*, 423; 1 *Peters*, 386, 441; 1 *Smith Lead. Cas.*, 662, 5th *Am. Ed.*, 2 *John.*, 595; 9 *Cow.*, 409; 2 *Sandf. Ch.*, 29; 3 *Sandf. Ch.*, 301; 10 *Paige*, 409; 11 *Paige*, 38; 2 *Barb. Ch.*, 82; 5 *Watts & Serg.*, 217; 4 *Wash C. C. R.*, 585; 2 *Bland. Md*, 509; 4 *Ves.*, 118; *ib.*, 389; 3 *Pick.*, 488, expressly decides so in case of a mortgage securing payment of two negotiable notes. Also, 6 *Gray*, 152; 24 *Me.*, 194; 27 *Me.*, 266.

And "nothing is plainer than that the assignee of a debt or other chose in action can take only such interest as his assignor has to transfer, and will be bound by all equities binding on the latter."

And "the assignment of a debt will not invalidate a payment made to the assignor, unless notice has been given to the debtor, for he is obviously entitled to proceed in accordance with his original undertaking so long as he is ignorant that anything has occurred to vary its operation." 3 *Leading Cas in Eq.*, 373; 10 *Paige*, 409; 16 *Vt.*, 358; 18 *Eng. L. and Eq.*, 82; 19 *Vt.*, 98; 11 *Paige*, 38; 25 *Vt.*, 593; 26 *Vt.*, 201; 1 *Sneed.*, 330; 21 *Missouri*, 138; 3 *Day*, 364; 5 *Day*, 534; 10 *Conn.*, 444; 20 *Conn.*, 395; *ib.*, 73; 3 *Sandf. Ch.*, 301; 3 *Hill*, 228; 21 *N. Y.*, 251-52.

III.—Because the mortgage is given to secure the indebtedness evidenced by the note, and not the note itself; and

the mortgage and the note are not "inseparable." 1 *Hill. on Real Property*, *chap*. 33, *sec*. 28.

IV.—The payment of the mortgage under which the Defendant, Kate G. Carpenter, claims, by John McKenzie, the mortgagor, to John Osborne, the mortgagee, in good faith, without any knowledge or notice of any assignment of the mortgage, extinguished the mortgage, even though it had been previously assigned, in whose hands soever the same might be or subsequently come. 3 *Lead. Cas. in Eq.*, 374-75, 645-46; *Collated Stat. of Minn.*, *chap*. 35, *sec*. 28, *p*. 400.

V.—Plaintiff having taken an assignment of the mortgage under which he claims, for value, of the mortgagee, without notice actual or constructive of any previous assignment, after using extraordinary diligence to discover if there were any, and could find none, all which is admitted by the pleadings, will hold it as against Isaac Crowe and all other persons.   3 *Lead. Cases in Eq.*, 646; 1 *John*, 551-52, 561-62; 15 *N. Y.*, 354; 6 *John. Ch.*, 432; *Collated Stats. of Min.*, *p*. 400, *secs*. 24, 28, 29, 30.

VI.—The Jury having found that the first note and mortgage were paid by the mortgagor to the mortgagee, but not finding at what time the same was paid, the law presumes that the payment was made on the day of the maturity of the note. 1 *Cow. & Hill's Notes to Phil. on Ev.*, *p*. 369, 2 *Ed.*; 2 *Simons & Stewart*, 154; 6 *Maddocks R.*, 54; 3 *Simons*, 103; 1 *Cowen*, 122; *Bull. Nisi Prius*, 110.

Points and Authorities of Respondents.

I.—The allegation in the complaint, of the payment of the first note and mortgage, (*Com. folios* 14 *and* 15,) is not sustained by the finding of the jury.

1st, Because the alleged *time* is not found.

The finding of the jury leaves the payment found by them entirely indefinite as to time.   There is nothing to show but that the payment might have been made, even after the institution of this action.

There certainly can be no presumption in favor of the

Plaintiff as to the time, which shall contradict the allegation of the complaint on that point. If the indefiniteness of the finding can be aided at all to favor the Plaintiff, it must be by a presumption in accordance with the allegation, that is, that the payment was made before the assignment to Eastman.

2d, Because the jury finds merely the payment of the *amount* of the note and mortgage, and not the *note and mortgage*.

It appears by the pleadings and the finding of the jury, that, at the time of the transfer of the first note and mortgage from Osborne to Eastman, the same were nine months short of maturity, while, at the same time, the second note and mortgage were more than nine months over due, and were for an amount greater than the first.

Now in the absence of any special application of the payment by the parties thereto, the law will apply it, first to the indebtedness, if any, which was at the time due, or secondly, if neither was at that time due, then to the one first to become due, which in either event, in this case, would be the *second* note and mortgage.  *Story on Conts.*, *sec.* 878.

II.—A mortgage given to secure a negotiable promissory note is a mere incident thereto, cannot be separated therefrom, and is to be considered as affected by the same equities therewith.  3 *Johns. Cases*, 322; 1 *Johns. R.*, 580; 4 *ib.*, 41; *Vol.* 1, *Hill. on Mort.*, *chap.* 18, *sec.* 49 *a; Walk. Ch. R.*, (*Mich.*) 248; 3 *Chand.* (*Wis.*) 94; 4 *ib.*, 153; 1 *Cooley*, (*Mich.*) 519; 9 *Wis.*, 503; 11 *ib.*, 358.

III.—The first note and mortgage having been transferred by Osborne to Eastman before maturity, could not be affected by any payment made to Osborne, without notice to Eastman, either before or after the transfer.

IV.—It appears by the pleadings and the finding of the jury that the Plaintiff at the time of the commencement of this action was not the owner of the second note and mortgage to such an extent as to entitle him to maintain this action.

V.—The Plaintiff being the assignee of Osborne, after maturity, who was also Eastman's assignor, can have no greater

equities against Eastman or his assignees, than could Osborne have had.

L. M. STEWART, Counsel for Appellant.

D. A. SECOMBE, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—On the 17th of December, 1855, John McKenzie gave a mortgage on the premises in question, to John Osborne, for $207, payable in three years, with interest at thirty per cent. per annum, which mortgage was to secure a negotiable promissory note of same date and amount, and due at the same time. The mortgage was recorded February 19, 1856.

On the 4th day of June, 1856, said McKenzie executed to said Osborne a second mortgage on the same premises, to secure the payment of another promissory note for $370, due in one year, with interest at twenty-five per cent. per annum.

On the 17th of March, 1858, said Osborne assigned the first note and mortgage to William W. Eastman, and Eastman, on the 23d day of May, 1861, assigned the same to Kate G. Carpenter, both of which assignments were recorded on the 23d of May, 1861.

On the 11th day of June, 1859, prior to the recording of the assignment of the first mortgage, the Plaintiff, without any knowledge of such assignment, and supposing that the first note and mortgage belonged to Osborne, made a loan to Osborne of $219.50, and took as security therefor an assignment of the second note and mortgage, which assignment was duly recorded.

The jury by their special verdict, find that "John McKenzie paid to John Osborne the amount of the first note and mortgage mentioned in the complaint, and purporting to be assigned to W. W. Eastman, March 17, 1858, in good faith and without any knowledge of any assignment or sale thereof by said Osborne, the mortgagee," and that "they have no evidence of the time at which said payment was made."

As the verdict of the jury leaves the time of the payment of the above sum uncertain, and as the counsel for the De-

fendants makes a question as to whether it was a general payment without special application to the first note and mortgage, or was intended to be so applied, we will settle these two points here.   The jury, it is true, find that McKenzie paid to Osborne *the amount* of the first note and mortgage, and not that he paid the note and mortgage, or the debt secured by them, but taking the two circumstances together, that the sum paid was exactly the amount of that debt, and that the jury find that he paid it in good faith and without any knowledge of any assignment or sale of the first note and mortgage, we think the fair interpretation of the verdict is, that the payment was made upon that debt, and not generally upon both.   The time of the payment must be governed by the legal presumption that when it is uncertain whether such a payment is made before, on, or after the due day of the debt, it will be taken to have been made on the day.   3 *Cow. & Hill's Notes to Phillip's Ev.*, 3d Ed., *p. 500, and cases there cited; Powell's Law of Mortgages,* 3d Ed., *p.* 55. The mortgage was therefore paid on the 20th day of December, 1858.   As between the mortgagor and the assignee of the mortgage, this payment extinguished the mortgage, unless that instrument partook of the negotiable qualities of the note for which it stood as collateral security, and this result would follow, even if the assignment had been recorded, provided the mortgagor had no actual knowledge of the assignment at the time of making the payment.   The statutes of this State, although they place assignments of mortgages on the same footing as conveyances of real estate, (*Comp. Stat.* 405, *sec.* 63), and the assignees of mortgages upon the same footing as purchasers of real estate, (*Comp. Stat.* 405, *sec.* 62,) in respect to the effect of recording or omitting to record such assignments, they make a special exception in favor of mortgagors, by providing in *sec.* 28, *p.* 400, *of the compiled statutes* that " the recording of an assignment of a mortgage, shall not, in itself, be deemed notice of such assignment to the mortgagor, his heirs or personal representatives, so as to invalidate any payments made by them, or either of them to the mortgagee."   It seems, therefore, that a mortgagor may always pay his mortgage debt to

the mortgagee, whether the mortgage has been assigned or not, if he pays in good faith and without knowledge of the assignment, and also that an assignee to be fully protected against such payments, must do more than simply place his assignments on record, he must bring home to the mortgagor actual notice that the assignment has been made. It will be observed that this provision of statute is general in its application to mortgages, making no exception in regard to such as are collateral to negotiable paper.

It is claimed, however, by the counsel for the Defendants, that this mortgage was given to secure the note, is a mere incident to it, cannot be separated from it, and is to be affected by all equities that would influence it. The cases to which we are cited by the counsel, from the New York Courts, (3 *John. Cases*, 322; 1 *John. R.*, 580, 4; *ib.* 41;) establish that the mortgage is an incident to the *debt secured*, and will pass to whomsoever receives a transfer of the debt, or become extinguished by the satisfaction of the debt, but they go no farther, and we fully agree with the decisions in that respect, regarding as we do, the law as there stated to have been long settled. Mortgages are not regarded as conveyances of land within the statute of frauds, so as to require a reconveyance or release to divest the title of the mortgagee ; any act, even forgiving the debt by parol, will discharge the mortgage. *Powell on Mort.*, 3d *Ed.*, 54.

The cases cited by the counsel, from Michigan and Wisconsin, do go to the full extent claimed by him, and hold that a mortgage given to secure a negotiable promissory note partakes of the privileges and immunities of commercial paper, so far as to exempt it from all equities existing between the mortgagor and mortgagee, if with the note it is transferred to a *bona fide* holder before due. *Walk.*, *ch.* 248 ; 1 *Cooley*, 519; 3 *Chand.*, 94; 4 *Chand.*, 153 ; 9 *Wis.*, 503 ; 11 *Wis.*, 353; and *Mr. Hilliard*, in his work on *Mortgages*, *vol.* 1, *p.* 526, *sec.* 49 *a*, says, on the authority of *Reeves vs. Scully*, *Walk.*, *ch.* 248, " If the mortgage is given to secure a negotiable note, and both are assigned before maturity to a *bona fide* indorsee, he takes clear of any equities between the original parties." These Wisconsin and Michigan cases, the one being based

upon the authority of the other, were evidently decided without much investigation of the question, and so far as we have been able to learn, from a pretty full examination, both upon principle and authority, aided by the very elaborate and thorough brief of the counsel for the Appellant, stand alone, and Mr. Hilliard having adopted the Michigan rule in his text, without comment or further authority, does not add anything to its weight.

The rule as we collect it from the books, is, that where a debt is secured by a mortgage on real estate, and also by negotiable promissory note, the mortgage is a *chose in action* as between the mortgagor and any subsequent assignee, and is taken subject to the state of accounts between the mortgagor and mortgagee, at the time of the assignment, and to all payments made by the mortgagor to the mortgagee at any time before actual notice of the assignment. The mortgage is an incident to the debt, and whoever owns the latter is entitled to the benefit of the former to enforce payment, but he cannot rely on the privileged character of the note to ensure him the advantage of the mortgage. He must be vigilant in bringing home to the mortgagor the fact of the change of ownership in the mortgage. If the mortgagor pays the mortgage to the mortgagee after it has been assigned, without notice of the assignment, the lien is extinguished, and the land cleared of the incumbrance, and the mortgagee becomes a trustee of the sum paid for the benefit of the owner of the debt. Any other rule would destroy the entire effect and force of the registry acts relative to the assignments of mortgages, because if such instruments can partake of the character of negotiable paper, no restraint upon their free transmission from hand to hand before maturity can be tolerated compatibly with the privileges enjoyed by such securities, but we see that the registry laws, without distinction, do impose the same disabilities upon mortgages and upon assignments of mortgages, as upon other conveyances of real estate, with the exception above noted in favor of mortgagors, which subjects them to even greater disabilities than ordinary conveyances. It appears to us that we would be making a startling innovation upon the long settled policy of the laws

of real estate, should we concede to any security that carries with it an interest in, or lien upon lands, the volatile and transitory attributes of a mere promise to pay money. Such a doctrine is inherently vicious, and would tend very much to unsettle titles ; we cannot agree to it. Numerous authorities are collected upon this point in the brief of the Plaintiff to which we refer in support of our views.

Johnson, the Plaintiff, holding the second mortgage, is entitled to the benefit of payments made upon the first. *Whitacre et als. v. Fuller et als.*, 5 *Minn. R.*, 508.

The judgment of the District Court is reversed, and judgment ordered for the Plaintiff according to the prayer of his complaint.