### HANEY V. CALDWELL.

1. INSTRUCTIONS: *Repetition of.*
A multiplication of instructions announcing in effect the same le-

gal principle, tends only to encumber the record, perhaps to confuse the jury, and ought not to be encouraged.

2. CONTRACTS: *Dependent.*

Where agreements go to the whole of the consideration on both sides, the promises are dependent, and one of them is a condition precedent to the other; and before one of the parties can recover of the other he must show a performance, or readiness to perform his part of the contract.

APPEAL from *Pulaski* Circuit Court.

Hon. J. W. MARTIN Circuit Judge.

*U. M. & G. B. Rose* for appellant.

The court erred in modifying the first instruction asked by plaintiff by inserting the words "assenting to its terms, and thereafter holding himself in readiness to perform the same."

When two persons enter into a verbal contract and subsequently reduce it to writing, that constitutes a valid contract. It is then consummated, and no holding in readiness to perform is necessary to make it binding. If either party fails to perform, or hold himself in readiness to perform, the other may sue him for a breach. But this is subsequent to the perfecting of [the contract. A contract is binding by the mutual assent of both parties. The promise ot one is a sufficient consideration for that of the other.

The 4th instruction, asked by the plaintiff, is copied literally from the opinion of the court in this case when here before, see 35 *Ark.* 167 and is certainly the law of this case.

*E. W. Kimbell and W. G. Whipple* for appellee.

1. It was for the jury to ascertain from all the evidence what the contract was. *Parsons on Cont. Vol.* 2 * *p.* 493 *note;* 16 *Penn, St.* 43; 5 *Whart.* 393; 3 *M. and W.* 404.

An uncertain contract is void for uncertainty, see opinion in this case, 35 *Ark.* 164; 23 *Ark.* 67.

2.   It was not for the court to decide what the contract was.  If plaintiff had not held himself ready to perform, he would thereby have abandoned the contract.  38 *Ark.* 178.

3.   The 5th instruction given by the court is clearly unobjectionable, 3 *Ark.* 259.

4.   There never was any merit in plaintiff's claim.

HENDERSON, SP. J.   This case was before this court and reported in 35 *Ark.*156.   It was then reversed for errors of the Circuit Court in giving and refusing instructions to the jury.   On the second trial exceptions were saved for alleged errors committed in the same way.   It will serve no useful purpose to re-state the pleadings and evidence presented in the record, for the reason that the cause was tried the second time on substantially the same evidence it was on the first, and the opinion as reported in the 35 *Ark.* contains a very full statement of the evidence in all its material parts.

The plaintiff brought this suit to recover the sum of twenty hundred and eight dollars and thirty three cents for salary due under a contract with the defendant in the following terms:

LITTLE ROCK, DEC. 21, 1871.

J. H. HANEY, ESQ.

Dear Sir:   You are hereby employed to act as my engineer in connection with my contract for the completion of the Little Rock & Fort Smith Rail Road, at a salary of twenty five hundred dollars per annum.   Yours truly,

JOSIAH CALDWELL.

The defendant answered in substance and effect denying that he employed plaintiff as stated in the complaint or otherwise and that plaintiff served him as engineer or otherwise, saying that if he wrote the letter referred to it was with the

Haney v. Caldwell.

distinct understanding between him and the plaintiff that the employment and salary of defendant were both wholly dependent and contingent upon defendant's obtaining and carrying out a contract to complete the Little Rock & Fort Smith R. R. and that if he obtained the contract to complete said Rail Road plaintiff was to be employed by him. That the contract to complete said Rail Road was never obtained by defendant and that he had fully paid plaintiff for all the services he had at any time rendered him.

The plaintiff on cross-examination said: "I do not know whether the contract between the Rail Road Company and the defendant was ever signed by the parties or not. The copy shown me by the defendant was not signed, but he spoke of it as having been executed, and he did not express any doubt about going on with the work. I performed no services for the defendant under my contract with him. I did not regard myself as subject to his orders. If he had given me any directions I might have obeyed them as a matter of form or accommodation, but I understood I was the engineer of the Company and not of the defendant, and that it was the Company that had control of my time and services."

The defendant in his deposition says that in December 1871 a scheme was on foot to consolidate the Little Rock & Fort Smith and the Memphis & Little Rock Rail Roads and to lease the consolidated lines to the Southern Railway Security Company—that company having previously entered into an agreement to take a lease upon certain terms amongst which they required that the Little Rock & Fort Smith Rail Road should be completed to Fort Smith. A contract was entered into between the Little Rock & Fort Smith Rail Road Company and said defendant by which he was to complete the Railway if said Companies were consolidated and the two roads so consolidated were leased as aforesaid. The

Southern Railway Security Company refused to accept the lease and the consolidation failed and his contract never went into effect.

The plaintiff was engineer of the Little Rock & Fort Smith Rail Road Company and was present at many of the interviews had during the negotiations for consolidation and was well aware of the fact that the Southern Security Company had declined to accept the lease and that the defendant's contract with the Little Rock & Fort Smith Company had come to an end, and that it was pending those negotiations that the letter was written and the employment tendered.

The plaintiff asked the following instructions:

1.   If the jury find from the evidence that the plaintiff and defendant made an oral contract substantially as set forth in letter of defendant of Dec. 21, 1871, and that at the request of the plaintiff the defendant wrote the paper dated on the day and date last aforesaid and delivered it to the plaintiff who received it as the evidence of the agreement between the parties—this was an acceptance by the plaintiff and no other acceptance was necessary to make it a binding contract.

4.   The word "my" in the letter of Dec. 21, 1871 is of but little importance.  It, the word "engineer", and the words preceding it in the letter, construed together, evidently mean that the defendant proposed to employ or had employed the plaintiff in the capacity of an engineer as the proof may show a contract or not.   Defendant could have employed the plaintiff to serve another in the capacity of an engineer as well as himself.   As to the interpretation of this letter the question is, is it a contract; and if a contract what services did the defendant thereby employ plaintiff to render, and what did he thereby agree to pay for such services?   If it is a contract it is immaterial whether the plaintiff regarded himself subject by the terms of the contract to the control of the

defendant or not, provided he performed or offered or held himself ready to perform the stipulated services.

The 4th was refused and 1st given as modified by adding thereto—"assenting to its terms and thereafter holding himself in readiness to perform the same."

The Court on its own motion instructed the jury as follows:

1. The plaintiff Haney claims of the defendant Caldwell the amount of salary which he alleges is due him by contract made with plaintiff and reduced to writing in the letter or instrument of date Dec. 21, 1871. The defendant denies that he is indebted to the plaintiff in any amount and claims that the proposition of defendant contained in the letter of Dec. 21,1871 was a conditional undertaking only, and that it never in fact became operative as a contract. It is for you to settle the issues in the case. The burden of proof being on the plaintiff to satisfy you by a preponderance of evidence that under the agreement contained in said letter as explained by the other evidence in the cause he is entitled to a recovery of the defendant. You are the judges of the credibility of the witnesses and the weight of their testimony.

2. A contract is in legal contemplation an agreement between two or more parties for the doing or not doing some specified thing. 1. Parties competent to contract. 2. A consideration to support the contract. 3. The assent of the parties. 4. The subject matter of a contract or what the parties proposed as its effect.

3. It is conceded that the parties in this case were competent to contract. *As to the consideration*—The mutual undertaking of the parties to a contract or promise to pay on one side, and offer of services on the other, are sufficient considerations to support a contract binding on the parties.

4. *As to assent*—In order to constitute a valid and

binding contract there must be the assent of both parties to the same thing in the same sense. And while one party will not be permitted to avoid a valid and binding obligation upon the mere pretext that he did not understand or assent to it in the sense of the other party, yet if in fact there is an honest difference in the intention or undertaking of the parties to a contract in regard to any of the essential terms thereof, such contract could not be enforced against either party.

5. If the jury find the fact to be that by the letter of December 21, 1871, as explained in the light of all the evidence in this case the defendant's obligation was conditioned to be binding only in connection with a contract to be thereafter entered into by him for the completion of the L. R. & F. S. R. R., and they further find that such contemplated contract was in fact never made, then the defendant would not be liable.

6. But if, on the other hand, they find that the proposition was an absolute and unconditional agreement to pay such salary and was accepted by the plaintiff, and he in accordance therewith held himself in readiness to perform the same, then plaintiff would be entitled to recover the amount of his salary for such time as the same remained in force. Or if they find that the obligation o the defendant was conditioned upon his making the contemplated contract with the said Railroad Company, and that said condition was fulfilled by the making of said contract, then the plaintiff, if holding himself in readiness to perform his part of the contract, would be entitled to recover according to the terms of the contract.

7. If, in view of all the surrounding circumstances proved in this case, you find that the writing or paper as explained by these circumstances constituted a valid and binding contract under the law as given you herein, then

Haney v. Caldwell.

you should find verdict for the plaintiff and assess the amount of damage he is entitled to recover. But if, on such inquiry, you find there was no binding contract, the judgment will be for the defendaut.

8. The letter or instrument of Dec. 21, 1871, is the written evidence of the alleged contract upon which the plaintiff claims to recover. As a general rule, oral evidence is not admissible to contradict or vary the terms of a valid written contract. The law will not make or permit to be made for parties a contract other than that which they have made for themselves, but if a contract is certainly not intelligible by itself, extrinsic testimony is admissible to show the intention of the parties, and this intention will be taken as the meaning of the parties expressed in the instrument, if it be a meaning which may be distinctly derived from a fair and rational interpretation of the words actually used. But if it be incompatible with such interpretation, the instrument will be void for uncertainty or incurable inaccuracy. In all such cases the extrinsic testimony is not admitted to prove what the parties to the instrument may have secretly intended, or to add to, take from, change, contradict or modify, but to find out what is the meaning of the written words they have used and the true sense thereof as they have used them.

9. The words "my engineer," as used in the letter of defendant to plaintiff are not necessarily to be construed as limiting the contract to the employment of Haney as engineer of defendant Caldwell instead of the Rail Road Company. It is for the jury to say, in view of all the circumstances, in what sense the words were used.

Two instructions given on motion of the defendant and excepted to, are as follows:

1. If from the letter of Dec. 21, 1871, from Caldwell

to Haney, and the other evidence in the case, after a fair and full consideration of the same, the jury are unable to determine what the contract between the plaintiff and defendant was, the same will be void for uncertainty, and their verdict should be for the defendant.

2.   If the jury find from the evidence, taking all the surrounding circumstances into consideration, that the defendant, by his letter of Dec. 21, 1871, employed or proposed to employ the plaintiff to act as engineer for himself instead of for the Rail Road Company, and that the plaintiff did not accept such employment, and never held himself in readiness to act as such engineer of defendant Caldwell, then the plaintiff cannot recover in this action.

This court, on the first appeal, declared that "it was the province of the jury to determine whether or not the above-mentioned letter became a contract under the instructions of the court as to what is necessary to constitute the same a contract; and the meaning thereof being dependent on extrinsic facts which were disputed, it was a question of fact for the jury to decide under the instructions of the court as to the law of the case." *Haney v. Caldwell*, *35 Ark.*, *p.* 167.

The instructions given by the court very fully and very clearly defined the law and submitted to the jury for their determination and decision, every question of fact presented on the trial.   They were correctly told what the issues were, as made by the pleadings; what the disputed facts were; the necessary elements or facts to establish a valid, legal contract, and that it was their province, alone, to say in what sense the words employed in the instrument of Dec. 21, 1871, were used.   There was an unqualified submission of every fact important or material to the determination of this case to them.

The 9th instruction given by the court, of its own mo-   1. Repeat-
tion, when considered in connection with those preceding   ing instruc-
                                                           tions is to
it, covered all the ground of the 4th asked by plaintiff,  avorded.
and was in form to be readily understood and applied by a
jury.   A multiplication of instructions announcing in ef-
fect the same legal principle tends only to encumber the
record, perhaps to confuse the jury, and is not to be en-
couraged.   *Saddler et al, adm., v. Saddler,* 16, *Ark.*, 628
*Hanger et al v. Evins & Shinn,* 38 *Ark.*, 334.

The modification of plaintiff's first instruction was cor-   2. Depen-
rect.   " Where agreements go to the whole of the con-  dent  con-
                                                            tracts.
sideration on both sides, the promises are dependent and
one of them is a condition precedent to the other.   *Par-*
*sons Con., Vol.* 2, 676-7.

Haney made no pretense of having performed, or of-
fered or held himself in readiness to perform his part of
the contract as set forth in the letter of Dec. 21, 1871.
and without this he could not recover, although the con-
tract may have been entered into and accepted by the
parties as contended by appellant's counsel.

Affirmed.