ARKANSAS LAND & LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 17405, 17483.   Promulgated March 13, 1929.

*W. W. Spalding, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, and *I. W. Carpenter, Esq.*, for the respondent.

OPINION

Lansdon: The respondent contends that the two contracts set forth in our findings of fact are so closely related and so dependent upon each other that the sale of all the property of the petitioner must be regarded as a single transaction which in the circumstances resulted neither in taxable gain nor deductible loss, since "The March

1, 1913 value of all the assets (land, timber and plant) was in excess of the cost of such assets and also in excess of the selling price, such selling price being more than the cost but less than the March 1, 1913 value." The petitioner's contention is that in the taxable year it made two separate sales of capital assets, one body of which was acquired prior to March 1, 1913, and another, different and distinguishable, acquired after that date, and that gain or loss in each case must be ascertained by applying the plain provisions of the statutes to the admitted or proved facts. It now claims that it sustained a net loss in 1921 in the amount of $336,928.15 and asks that such net loss shall be applied to its tax liability which the Commissioner has determined for the years 1922 and 1923.

The provisions of the Revenue Act of 1921 which govern here are as follows:

SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

(1) In the case of such property, which should be included in the inventory, the basis shall be the last inventory value thereof;

(b) The basis for ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March 1, 1913, shall be the same as that provided by subdivision (a) ; but—

(1) If its fair market price or value as of March 1, 1913, is in excess of such basis, the gain to be included in the gross income shall be the excess of the amount realized therefor over such fair market price or value;

(2) If its fair market price or value as of March 1, 1913, is lower than such basis, the deductible loss is the excess of the fair market price or value as of March 1, 1913, over the amount realized therefor; and

(3) If the amount realized therefor is more than such basis but not more than its fair market price or value as of March 1, 1913, or less than such basis but not less than such fair market price or value, no gain shall be included in and no loss deducted from the gross income.

It is beyond dispute that the petitioner sold all its assets and business at one time to a single purchaser in pursuance of the terms and conditions set forth in two sale and purchase contracts which so far as we know were simultaneously executed. If these two contracts are so interrelated that they must be regarded as one, we think it follows that the two bodies of assets were disposed of in a single transaction. We have several times held that the effect of such sales or purchases must be determined by the terms and conditions of the instrument of transfer, that the parties are bound by the engagements so effected and that the Board will not construe such agreements contrary to the language therein. See *Charles Rubens & Co.*, 6 B. T. A. 626; *Nature's Rival Co.*, 6 B. T. A. 294; *Lafayette-South Side Bank*, 7 B. T. A. 1307; *United States Envelope Co.*, 10 B. T. A. 84. To the same effect is *Fraser* v. *Nauts*, 8 Fed. (2d) 106. In the

light of these decided cases the petitioner must prevail, unless the two instruments here involved must be construed as a single contract relating to the same subject matter.

A careful study of the two contracts here in question shows that each in its terms refers to the other and that the land contract is a part of the consideration for the sale of the plant and equipment. From the terms of these instruments we think it is clear that the second could not have been executed without the first. Measured only by the terms and conditions therein, it is possible that the first might have been executed without the second, but this possibility vanishes in the light of the fact that the two bodies of assets had a single owner who would not sell the timber and timberland involved in the first contract unless the plant and equipment were disposed of at the same time. The courts, with singular unanimity, have held that two instruments in relation to the same matter, executed at the same time, must be construed as a single instrument. *Re Brambrith*, 169 N. Y. 437; *White* v. *Miller*, 52 Minn. 367. The courts of Arkansas, the jurisdiction in which this controversy arises, have many times considered the signification of two contracts relating to the same subject matter and simultaneously executed and have held that in such conditions the two are to be construed as one. *Nick* v. *Rector*, 4 Ark. 251; *Vaugine* v. *Taylor*, 18 Ark. 65; *Pillow* v. *Brown*, 26 Ark. 240; *Haney* v. *Caldwell*, 43 Ark. 184; *St. L. I. Mt. & So. Ry.* v. *Beilder*, 45 Ark. 17; cf. *Wood* v. *Kelsey*, 90 Ark. 272; 119 S.W. 258. Inasmuch as all the assets constituted all the property used by the petitioner in the single business in which it was engaged, we think the two instruments relate to the same subject matter and we are of the opinion that they must be regarded as a single contract setting forth the terms and conditions of a single transaction.

The record discloses that all the land and timber sold in the taxable year was acquired prior to March 1, 1913, and that all the other property was acquired subsequent to that date. It is also clear that the plant, railway tracks and other logging and manufacturing equipment acquired after March 1, 1913, were located on land acquired before that date and that was transferred by the second contract. The logging railroad which, with its equipment, represented an investment of more than $300,000, obviously for the most part must have been located on the timberlands and the lands involved in the timber deeds. In the circumstances it would have been difficult, if not impossible, to segregate the assets transferred by the two contracts in evidence and sell one body to one purchaser and the second to another. This being true, we think no segregation was made or could have been made in the sale of all the property to a

835

single purchaser in the circumstances herein. It is in evidence that the purchaser desired to buy only the timber, but the petitioner would consider no proposition that did not include all its property. We think it is clear that the petitioner sold the business and assets which it had operated as a unit for several years in a single transaction and that gain or loss resulting therefrom must be ascertained by comparison of the price received with a single base. Cf. *L. G. Carlton*, 2 B. T. A. 1115; *W. D. Parker*, 13 B. T. A. 1239.

Having reached the conclusion that the transaction in the taxable year was the sale of a single body of assets, it follows that the fair market value of the property owned at March 1, 1913, is the starting point in the computation of the basic cost of the property, to which should be added the subsequent additions to the capital invested, with due regard to depletion and depreciation. This is what the Commissioner has done and in the light of the evidence the determination of the resulting deficiency is approved. *United States* v. *Flannery*, 268 U. S. 98; *B. T. Britt*, 2 B. T. A. 53; *L. G. Carlton, supra; H. B. Pence*, 9 B. T. A. 1189.

Reviewed by the Board.

*Decision will be entered for the respondent.*

PHILLIPS and SIEFKIN dissent.