ANDREAS C. HAUGEN *vs.* OSCAR YOUNGGREN.

Argued April 24, 1894.    Affirmed May 7, 1894.

No. 8817.

**Verdict supported by the evidence.**
Evidence *held* to justify the verdict.

**A request to charge construed.**
A certain "request" considered, and *held* not to amount to an instruction that exemplary damages could not be awarded.

Appeal by defendant, Oscar Younggren, from an order of the District Court of Kittson County, *Frank Ives*, J., made August 19, 1893, denying his motion for a new trial.

The plaintiff, Andreas C. Haugen, lived on a homestead claim in the town of Red River in Kittson County with his family, and in the year 1889 raised thereon 325 bushels of wheat and 51 bushels of barley.   C. J. McCollom and A. P. T. Suffel recovered judgment against him September 6, 1889, in the District Court for $130.19. They obtained a writ of execution thereon and placed it in the hands of the defendant who was sheriff of that county and directed him to levy on the grain.   He did so November 6, 1889, and sold the wheat for thirty five cents per bushel and the barley at sixteen cents per bushel.   He retained $34.34 for his fees and expenses and applied the balance $87.57 upon the judgment.

Plaintiff brought this action against the sheriff to recover damages for taking this grain, claiming it was his only feed for his exempt stock and for his family, five children, and his only seed grain for the next year and was exempt from levy and sale on execution.   Defendant answered that plaintiff had left the state and that the grain was subject to levy.   Plaintiff replied that he was only absent a short time on account of sickness.   At the trial March 17, 1893, defendant requested the judge to charge the jury as follows:

"If the jury find that the sheriff levied on exempt property, they must use as a measure of value the actual market price of wheat at the time it was taken, as there is no evidence of wantonness on the part of the sheriff at the time of making this levy."

The Judge refused; and defendant duly excepted.   The jury re-

turned a verdict for plaintiff and assessed his damages at $239. Defendant moved the court to grant a new trial of the action on the grounds (1st) that the verdict is not justified by the evidence and is contrary to law, (2nd) that errors in law occurred on the trial which were excepted to by him. The motion was denied and he appeals.

*Alley & Konzen* and *William Watts,* for appellant.

The jury awarded as damages more than the value of the grain at the time it was taken, with interest. There is no evidence whatever that will justify punitive damages in this case. *Seeman* v. *Feeney,* 19 Minn. 79; *Carli* v. *Union Depot, St. Ry. & T. Co.,* 32 Minn. 101; *Derby* v. *Gallup,* 5 Minn. 119; *Murphy* v. *Sherman,* 25 Minn. 196.

The trial court erred in refusing to charge the jury as requested.

*H. Steenerson,* for respondent.

If an officer levies upon property knowing it to be exempt that fact may go in aggravation of damages. *Lynd* v. *Picket,* 7 Minn. 184.

The defendant's request was properly refused for the reason that it does not confine the market value to the place of taking; and the court had already covered the same point and treated it accurately in its general charge.

MITCHELL, J.    Action for the wrongful seizure and sale of exempt property (grain) on execution. No case was made for the recovery of either special or exemplary damages, hence all that plaintiff was entitled to recover, under any circumstances, was the value of the property, with interest from the date of the wrongful taking. The evidence on some points was not of the most satisfactory nature, and the case was rather loosely tried and submitted, but we are of opinion that the question whether the grain was exempt was one for the jury; and, after careful computation of quantities and values testified to, we are compelled to the conclusion that, including interest for the three years and almost a half that elapsed between the seizure and the trial, the amount of damages awarded is justified

by the evidence, although we would have been better satisfied had it been smaller.

The only legal question of any importance in the case arises upon the refusal of the court to instruct the jury that, "if they found that the sheriff levied on exempt property, they must use as a measure of value the actual market price of wheat at the time it was taken, as there is no evidence of wantonness on part of the sheriff at the time of making the levy." If this instruction was intended to furnish the basis on which the jury should fix the value of the grain, it was incomplete, because it was not limited to the place of taking. But, as indicated by his argument here, the object of the request was to exclude the allowance of exemplary damages. We do not think that the request as framed fairly presented that question, or would have necessarily suggested it to the mind of the court. The only part that is at all suggestive of the point is the last clause, which is merely argumentative in form. Neither do we find anything in the record indicating that exemplary damages were claimed, or even suggested, on the trial; and the amount of the verdict is not such as to show that any such damages were awarded.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 988.)