Obed P. Lanpher *vs.* Augustus K. Barnum.

Argued May 2, 1894. Affirmed May 7, 1894.

No. 8742.

**Privilege given to declare a debt due, construed.**

A stipulation in a promissory note construed as authorizing the holder, upon a certain default, to declare the principal sum due and payable for all purposes, and not merely for the purpose of a remedy on the mortgage given to secure the same.

Appeal by defendant. Augustus K. Barnum, from an order of the District Court of Ramsey County, *Hascal R. Brill,* J., made October 11, 1893, overruling his demurrer to the complaint.

On December 22, 1891, Albert F. La Belle made and delivered to Thomas Brian his note by which he promised to pay to the order of Brian $6,000 three years thereafter with interest at the rate of eight per centum per annum payable semiannually represented by six coupons each for $240. The note contained a further provision as follows:

"If any or either of said annexed coupon notes shall remain unpaid for ten days after maturity thereof, I expressly agree with the payee of this note, that he or his assigns or other holder of this note, may at his or their option and without notice to the maker, declare the said principal sum, as well as any or either of said past due coupons, as fully due and payable as fully as if this note was payable on demand, and may proceed and collect the same, by foreclosure of the mortgage given to secure the same, either under the power of sale therein contained or by suit or other proceeding in court, or otherwise as he may elect."

The defendant, Augustus K. Barnum, for value received guarantied the payment of the principal and interest and indorsed such guaranty upon the note and upon each coupon note as follows:

"For value received I hereby guarantee payment of the within note and hereby waive presentment, demand, protest and notice of protest and diligence in collecting; and promise to pay all costs, expenses and attorney's fees paid or incurred in collecting the same."

The note and coupons were secured by a mortgage of real estate. Thomas Brian sold and transferred the note, coupons and mortgage to the plaintiff, Obed P. Lanpher. The coupon note payable June 22, 1893, fell due but was not paid. In August, 1893, Lanpher declared the debt to be due and commenced this action against Barnum on his guaranty to recover the $6,000 and the accrued but unpaid interest. Defendant demurred to the complaint and specified as ground of objection that it did not state facts sufficient to constitute a cause of action, claiming that the note does not give the holder a right of action against the maker for the $6,000 until the expiration of three years from its date; that the only means given for the collection of the principal sum before maturity is foreclosure of the mortgage. The trial court overruled the demurrer and defendant appeals.

*Horton & Denegre,* for appellant.
*F. M. Catlin,* for respondent.

MITCHELL, J.   The defendant guarantied payment of a note, with six interest coupon notes attached, executed by one La Belle, and payable December 22, 1894.

The note contained a provision that, "if any or either of said annexed coupon notes shall remain unpaid for ten days after maturity thereof, I expressly agree with the payee of this note that he or his assigns, or other holder of this note, may, at his or their option, and without notice to the maker, declare the said principal sum, as well as any or either of said past-due coupons, as fully due and payable as if this note was payable on demand, *and may proceed and collect the same by foreclosure of the mortgage given to secure the same, either under the power of sale therein contained, or by suit or other proceeding, in court or otherwise, as he may elect.*"

One of the coupon notes having remained unpaid for ten days after maturity, the plaintiff brought this action for the full amount of the note, as presently due and payable.

The question in the case is whether this provision authorized the plaintiff to declare the principal sum to be due and payable generally, for all purposes, or only for the purpose of remedies on the mortgage.

We have had occasion recently, in *White* v. *Miller,* 52 Minn. 367, (54 N. W. 736,) to consider the effect to be given to provisions of somewhat similar character in mortgages, but where the notes themselves contained no such stipulation.   These are reasons, founded largely on considerations of policy, why such stipulations should be construed as relating only to the remedy on the mortgage, which would not apply where the stipulation is in the note itself.

The defendant's contention is that the clause italicized limits what precedes to the purpose of appropriating and applying the mortgage security.   Perhaps there would have been some force in this if the stipulation had ended with the word "*court.*"   But, after enumerating every possible remedy on the mortgage, there is added, "or otherwise, as he may elect."   It seems to us clear that this refers back to the clause "may proceed and collect the same," and has no relation to the foreclosure of the mortgage.   Thus con-

strued, the stipulation authorizes the holder of the note, upon the default named, to declare the principal sum due for all purposes.

It can hardly be necessary to add that the defendant, having guarantied the payment of the note according to its terms, is not entitled to have any other or different construction placed upon this stipulation than the maker would, had he been sued.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 988.)