(Lucas County Court of Common Pleas.)

John H. Tobin *v.* Lydia E. Smith et al.

1. S. gave to T. four negotiable promissory notes and four mortgages, each mortgage being on a separate lot and securing a separate note. Each mortgage contained a stipulation that if the interest shall not be paid when due and the same shall remain in arrears for 90 days, then the whole principal shall become due and payable. Said stipulation was not contained in the notes. Subsequently, for a valuable consideration, B. agreed with S. that he would pay said notes. Prior to the maturity of the notes, but more than 90 days after a default in the payment of the interest, an action was brought to obtain a personal judgment against B. for the full amount of the principal of the notes. *Held,* that such action cannot be maintained.
2. Several causes of action for the foreclosure of mortgages cannot be joined in one suit, when the mortgages are on separate lots and secure payment of separate debts, although all the parties to each cause of action are the same. Such causes of action are not included in the same transaction, nor in transactions connected with the same subject of action, and they are not upon contracts express or implied.

(Decided October, 1894.)

Pugsley, J.

This is a demurrer by the defendant Clarence Brown to the amended petition.

The facts as they are alleged in the amended petition are in brief these : Upon the 9th day of May, 1892, the defendant Lincoln Smith was the owner of four separate lots in Lincoln Smith's Addition in Adams township, Lucas county, and upon that day he borrowed from the plaintiff the sum of $2,000, and to evidence such loan, he gave to the plaintiff four notes for the sum of $500 each, payable in three years after date, with interest at eight per cent. payable semi-annually ; and at the same time he gave to the plaintiff four separate mortgages upon these four lots respectively, each mortgage being upon one of said lots, and given to secure payment of one of said notes. It was stipulated in each mortgage that if Smith allowed the interest upon the note secured by the mortgage to remain unpaid for 90 days after the same became due, then the whole of the principal sum of the note should become due and payable.

The petition contains eight causes of action—four upon the notes, and four upon the mortgages. It is alleged that "the interest due upon the 9th of November, 1893, is unpaid, and that more than 90 days have elapsed since said time prior to the commencement of this action." It is alleged in what is called a "preliminary statement," that upon the 28th of November, 1892, the defendants Clarence Brown and Lincoln Smith entered into a written contract, wherein, for a valuable consideration then paid by Smith, the said Brown agreed to pay to the plaintiff the said notes and mortgages, amounting to $2,000, with the interest thereon ; and it is further alleged in each of the four causes of action upon the notes that "upon the 28th of November, 1892, as heretofore stated herein, the defendant Brown, for a valuable consideration, entered into a written contract with Lincoln Smith by the terms of which he agreed to pay the said sum of $500 with interest." The prayer of the petition is "that said several mortgages be foreclosed, and that the plaintiff may have a personal judgment against the defendants Smith and Brown for $2,000 and interest."

The defendant, Brown, has filed a demurrer specifying three grounds: first, that several causes of action are improperly joined ; second, that separate causes of action against several defendants are improperly joined ; and third, that the petition does not state facts sufficient to constitute a cause of action, the demurrer being to each cause of action separately.

The objection which is raised by the first ground of demurrer is, that a cause of action for the foreclosure of a mortgage cannot be joined with a

cause of action for a personal judgment upon a note other than the one secured by the mortgage; and also that causes of action for the foreclosure of mortgages can not be joined where they cover separate lots and relate to separate debts. The objection which is raised by the second ground of demurrer is, that a cause of action against a third person upon his agreement to pay a note cannot be joined with a cause of action against the maker of the note. The objection which is raised by the third ground of demurrer is, that an action cannot be maintained to recover a personal judgment for the principal of a note prior to the time when, by the terms of the note, the principal becomes due.

I will first consider the objection which is last mentioned. In the case of *McClelland* v. *Bishop*, 42 Ohio St. 113, where a mortgage was given to secure a series of notes payable at different times, it was held that a stipulation contained in the mortgage that if default be made in the payment of any one note, then all of the notes should fall due and the mortagge should become absolute as to all the notes, relates to the remedy by foreclosure or other proceedings under the mortgage, but does not operate to vary or extinguish the obligations expressed on the face of the notes themselves, for general purposes. I will read a few brief extracts from the opinion of the court in this case—first, from page 122:

"The notes themselves are, on their face, subject to no such stipulation. (That is, the stipulation already referred to which was contained in the mortgage.) They purport to be so many independent obligations, whose maturity depends on the terms therein stated, to-wit: payable in one, two, three, four and five years. They give no right of action thereon until after due. For the general purposes for which negotiable paper is made, their effect must be determined by their expressed terms."

On page 123, referring to a case in Missouri where the court reached a contrary conclusion, this court says:

"The court (in that case) bases its judgment on the ground that instruments executed at the same time, with regard to the same transaction are, in the eye of the law, one, and must be read and construed together as such. This admitted principle is illustrated in many ways, and by numerous cases; but nowhere is it applied to nullify one contract by another made at the same time, relating to the same transaction, where the stipulations of each relate to different things, and both can stand together, and each be applied to its proper subject-matter."

And again on p. 124:

"While it is true that all separate writings, made at the same time, and relating to the same transaction, are in the eye of the law as if embodied in one, yet it is not true, that when, in one contract, evidenced by a single paper, or in several, relating to the same transaction, containing stipulations relating to matters in their nature separate, either should be construed so as to extinguish the other. If the construction claimed for the mortgage be given, it would extinguish the terms of the notes. As well might the stipulation of the notes extinguish those in the mortgage. The stipulation in the mortgage should be construed as providing a remedy on the mortgage, and that so far as foreclosure proceedings are concerned, the notes for that purpose are due ; but for general purposes, the obligations on the notes are to be determined by their own expressed terms. In this way both contracts can stand and be fully enforced according to the manifest intention of the parties."

The court, in the opinion in this case, refers to the case of *Mallory* v. *R. R. Co.*, 35 N. Y. Supr. Ct. 174, a case which was decided by the General Term of the New York Superior Court in 1873. In that case the defendant, the railroad company, issued a series of bonds to certain persons or bearer,

payable in ten years, bearing interest payable semi-annually. On each bond was a certificate signed by the payees, which stated that said bonds were secured by a first mortgage, which contained a provision "that the principal secured by said mortgage, shall become due in case the interest on the bonds remains unpaid for four months." The bonds contained no such provision. The plaintiff in the case, being the owner of thirteen bonds, and the interest on the same remaining unpaid for four months after the same became due, brought this action on the bonds, and sought to recover the principal, claiming that the entire principal was due by reason of this provision in the mortgage and the certificate of the fact upon the b nds. It was held that the plaintiff was not entitled to recover the principal, but is only entitled to recover the unpaid interest, and that this provision referred to was not placed in the mortgage to give the several bondholders actions upon it for the principal, in case of non-payment; but to give the trustees named in the mortgage a right of action upon it for the foreclosure of the mortgage; thus making the mortgage a more complete security to the bondholders.

I will also refer to a case more recently decided, being the case of *White* v. *Miller*, 52 Minn. 367, a case that was decided in 1893. The opinion in this case contains a very full discussion of the question, and refers to a large number of authorities, (and I will say that there is a conflict in the decisions). After reviewing the authorities the court hold that a negotiable promissory note due in the future, according to its terms, cannot be brought to immediate maturity through a clause in a mortgage given to secure the same, which authorizes the mortgagee to declare the whole debt or note due upon default in any of the provisions found in the mortgage. The action was brought by the payee of the notes, who was also the mortgagee, against the makers of the notes, who were also the mortgagors, to obtain a personal judgment on the notes as though they were all due; and it was held that the action could not be maintained. As I have said, there is a conflict in the decisions. Very much can be said on both sides of the question; but we are bound to follow the *McClelland case*, in 42 Ohio St., if it is applicable.

It is sought to distinguish the McClelland case from the case at bar by reason of the difference in the language of the stipulation contained in the mortgage. There is such difference; but, in my judgment, it is immaterial. In both cases the stipulation contained in the mortgage is, in substance, that the whole debt shall become due and payable if there is a default for a certain time in the payment of interest or in the payment of any installment of the debt. In neither case is the stipulation contained in the note, and in neither case is it stipulated that a personal liability for the full amount of the debt shall exist, or that an action at law may be maintained to recover the full amount of the debt, in the case of a partial default. The principle of the McClelland decision, it seems to me, is, that the stipulation contained in the mortgage should be so construed, if possible, that both note and mortgage can stand together. The stipulation is applied to its particular subject-matter by limiting it to the mortgage and the rights and remedies under the mortgage; and by so limiting it, the express terms and obligations of the note are not affected.

Counsel for the plaintiff cite the case of *Jacobs* v. *Mitchell*, 46 Ohio St. 601. It was held in that case that the time of payment as fixed by a note, may be controlled by a separate written agreement made and entered into by the parties at the time of the execution of the note. The maker of the note may pay it according to its terms, or he may decline to do so until the terms of the written agreement are complied with. This is upon the principle that instruments executed at the same time, with regard to the same

transaction, are to be regarded as one, and must be read and construed together. I think it is enough to say that this same principle was urged in the McClelland case, but was held by the court to be inapplicable to the case of a note and mortgage, where the stipulations relate to different things. I think this is shown by the extracts from the opinion in that case which I have already read.

Without pursuing the subject further, my conclusion is that there is no personal liability on the notes in question, except for the unpaid interest. The interest due upon each note at the time of the commencement of this action was $20.00, and on all four notes the sum of $80.00, which draws interest from the 9th of November, 1893. This sum and interest together amounts to less than $100.00, and, therefore, is not within the jurisdiction of this court. It follows that the demurrer to each of the four causes of action upon the notes must be sustained.

It is alleged in the petition that the defendant Brown has or claims to have an interest in the mortgaged lots. He is, therefore, a proper and necessary party to the causes of action for the foreclosure of the mortgages, and each of these causes of action states a case against him. Under the holding that no personal liability upon the notes can be enforced in this action against the defendant, the second ground of demurrer becomes immaterial, and it remains only to consider the first ground of demurrer, so far as it relates to the four causes of action for the foreclosure of the mortgages. The question presented is, whether these four causes of action are properly joined.

This is a question which is not free from difficulty; and I am not aware of any authority in this state. The mortgages are upon separate lots, to secure separate debts, and a separate decree would have to be rendered upon each mortgage. It does not appear in this case that there would be any difficulty in rendering four separate decrees, or that the rights of the defendant would be in any way prejudiced by allowing these four mortgages to be foreclosed in one action. So far as it appears, it would seem that the joinder would be to the advantage of all parties. Notwithstanding all this, the question is fairly presented whether a joinder of these four causes of action is authorized by law. Sec. 5019, Rev. Stat., provides what causes of action may be joined. Subdivisions one and two of that section are the ones which are relied upon. By subdivision one causes of action may be joined when they are included in the same transaction or transactions connected with the same subject of action. The first inquiry then is: Are these four causes of action included in the same transaction? It is alleged that Smith borrowed from the plaintiff the sum of $2,000; but the facts stated show that he borrowed $2,000 in four sums of $500 each, and gave four notes of $500 each, and four separate mortgages securing the same upon four separate lots. I think that they were in reality four separate transactions. He borrowed $500 upon one lot; that was one transaction. He borrowed another $500 upon another lot; that was another transaction. And so on. There is no connection between these mortgages, except that they were given the same day, perhaps at the same time, which is not sufficient to constitute them one and the same transaction. Each mortgage secures an independent debt, and for all purposes must be considered as if the others had no existence.

I will say further that it is alleged in each cause of action upon the notes that the note and mortgage securing the same were parts of one and the same transaction. Perhaps it is a sufficient answer to that allegation to say that merely stating that they are parts of one and the same transaction does not make it so. Facts must be stated to show that they are parts of one and the same transaction. And further, there is no allegation that all of these notes and mortgages were parts of one and the same transaction.

And also, I am unable to to see how these causes of action may be considered as included in transactions connected with the same subject of action, which is the second clause of the first subdivision of section 5019, Revised Statutes. The subject of action as to all of these four mortgages is not the same. In each cause of action the subject-matter is the foreclosure of a mortgage upon a lot different from the lot embraced in every other cause of action, and for a different debt. I should say, therefore, that the subject of action in each cause of action is different from the subject of action in every other cause of action.

By subdivision two of sec. 5019, causes of action may be united when they are upon contracts express or implied. Now, I do not think that an action to foreclose a mortgage can be regarded as an action upon a contract, within the meaning of this statute. If it were, then an action on a note or account might be united with an action to foreclose a mortgage given to secure some other note or account; or an action to obtain any kind of equitable relief would be regarded as an action upon a contract, provided only it is based upon rights growing out of a contract, and such an action might be united with an action to foreclose a mortgage, although that related to another distinct and independent transaction. I hardly think that either of these propositions would be seriously urged. While a mortgage may, and frequently does, contain some contract or promise, still, it is not essential to the mortgage itself. It cannot be regarded, as it seems to me, as a contract, in the ordinary sense in which that term is used. A mortgage is defined to be a conveyance of land to become void on the performance of some condition, such as the payment of a debt. It need contain no contract to pay the debt, or no agreement to perform the condition. And an action to foreclose a mortgage is an action to enforce the equitable lien of the mortgage by a sale of the property for the non-performance of the condition. It is not an action upon the contract, if there should happen to be one contained in the mortgage. The Supreme Court of this state recently decided that when an action is brought to foreclose a mortgage, the mortgage is a specialty within that section of the Statute of Limitations which provides that an action on a specialty is barred in 15 years. That decision was mainly upon the ground that a mortgage is a deed or other instrument in writing, signed, acknowledged, delivered, and sealed, unless the statute dispenses with a seal, whereby a debt or duty is admitted to be owing by the party executing the mortgage, to some other person. The same section of the Statute of Limitations specifically mentions a contract in writing; so that it appears that the one is not regarded as including the other. As I look at it, a mortgage, even under the Statute of Limitations, would not be regarded as a contract in writing as those terms are ordinarily used and understood, except in an action brought only to enforce the contract which is contained in the mortgage, if there is such a contract. So I say, that while an action to foreclose a mortgage may be an action upon a deed or specialty, it is not an action upon a contract. My conclusion is, for these reasons, that these four causes of action are improperly joined.

Under the New York code, which in these respects is precisely similar to the Ohio code, the same conclusion was reached in the following cases: *Beck* v. *Ruggles*, 6 Abb. New Cases, 69; *Kipp* v *Delameter*, 58 How. Pr. Rep. 183. These were decisions of judges of the Supreme Court at special term.

The order made in this case will be that the demurrer to the first, third, fifth, and seventh causes of action, which are the causes of action upon the notes, is sustained; and the demurrer upon the ground of a misjoinder, to the second, fourth, sixth, and eighth causes of action, is also sustained.

*Hurd, Brumback & Thatcher*, for plaintiff.

*Brown & Geddes*, for defendant Brown.