LUCINDA HOSTETTER *vs.* JOSEPH ALEXANDER.

April 28, 187

**Appeal from Judgment.**—An appeal taken within six months after the *entry* of the judgment appealed from is in time.

Mortgage not a Negotiable Instrument.—*Johnson* v. *Carpenter,* 7 Minn. 176,.
  followed upon the point that the privileged character of a negotiable note
  does not extend to a mortgage by which the same is secured.

Action to reform and foreclose a mortgage on real estate,
made by defendant to one Irish, to secure the purchase
money upon a sale and conveyance of the same real estate
by Irish to him, and by Irish assigned, together with the
mortgage notes, (which were payable to bearer,) to the
plaintiff. Defence, want of title in Irish to the premises
conveyed, and consequent failure of the consideration of the
notes and mortgage, and a partial payment before the
assignment to plaintiff. Trial in the district court for Dodge
county, before *Lord,* J., who found (among other things)
that plaintiff purchased the notes and mortgage before matu-
rity, for a valuable consideration, with knowledge of the
consideration for which they were made, but without any
knowledge or information of any defect in the title to the
premises, or any failure of the consideration; and that,
therefore, it was unnecessary to determine whether there
had been, or was in fact, any failure of the title conveyed by
Irish to the defendant. The court further found the pay-
ments alleged in the answer, and the amount due on the
mortgage and notes, and ordered judgment for plaintiff,
which was entered, and defendant appealed. The appeal
was taken more than six months after the decision and order
for judgment, but within six months after entry of judg-
ment.

*Chas. C. Willson,* for appellant.

*S. L. Pierce,* for respondent.

Berry, J. This appeal was taken within six months
" after the entry " of the judgment appealed from. It was,
therefore, in time. Laws 1869, ch. 70; *Humphrey* v. *Havens,*
9 Minn. 318.

The principal question presented by this case was exam-
ined and considered in *Johnson* v. *Carpenter,* 7 Minn. 176.
It was there determined that " where a debt is secured by a

mortgage, and also by a negotiable promissory note, the mortgage is a *chose in action* as between the mortgagor and any subsequent assignee, and is taken subject to the state of accounts between the mortgagor and mortgagee at the time of the assignment;" and, in effect, that the privileged character of the note as negotiable paper does not extend to the mortgage by which it is secured, but that the mortgage is exposed to the same defences in the hands of an assignee as in the hands of the mortgagee. If this was not the only ground upon which the decision in *Johnson* v. *Carpenter* was based, it is evident that it was the ground which received most consideration in that case from the court and counsel, and upon which the court mainly relied. Notwithstanding the doubt which may be thrown around the original soundness of *Johnson* v. *Carpenter* by the comparatively recent case of *Carpenter* v. *Longan*, 16 Wall. 271, and the considerations there suggested, we are not disposed to disregard or overrule a decision of our own court so distinctly made. It follows that, in our opinion, the court below erred in declining to pass upon the issue as to the want or failure of the consideration of the notes and mortgage involved in the action.

Judgment reversed.