AUGUST BLUMENTHAL and another *vs*. ADELIA B. JASSOY.

June 6, 1882.

29 177
82 298

**Note and Mortgage—Transfer of Note to Third Party—Payment to
Original Mortgagee.**— An instrument in the form of a negotiable
promissory note, secured by a contemporaneous collateral mortgage, is
a negotiable instrument. Payment of the amount of such note to the
payee by the maker before maturity, and the formal satisfaction of the
mortgage by the payee, will not defeat a right of recovery against the
maker upon the note by an indorsee *bona fide* and before maturity.

Appeal by defendant from a judgment of the district court for
Washington county, *McCluer*, J., presiding.

*J. N. & I. W. Castle*, for appellants.

*John B. & W. H. Sanborn*, for respondents.

DICKINSON, J.* The defendant executed to one Ferdinand Jassoy
her negotiable promissory note, and, at the same time, as security
for its payment, executed and delivered a mortgage upon real estate,
which was recorded in the office of the register of deeds. Before
maturity of the note, the payee transferred the same to these plain-
tiffs, by indorsement, they then having actual knowledge that the note
was secured by such mortgage. Prior to the maturity of the note,
the defendant in good faith paid the same to the payee, Jassoy, she
believing him to be then the holder of the note and mortgage, and
having no notice that the fact was otherwise. Thereupon Jassoy sat-
isfied the mortgage, and the satisfaction was recorded before matu-
rity of the note. At the maturity of the note payment was demanded
of the defendant by the plaintiffs, which being refused, this action
was brought for a recovery upon the note. A recovery was had and
defendant appealed.

If the note upon which the action was brought had not been secured
by mortgage, there could have been no doubt as to the right of the
indorsee to recover upon it, notwithstanding payment had been made

*Mitchell, J., did not hear the argument, and took no part in the decision
in this case.

v.29—12

to the payee before maturity. Story, Prom. Notes, § 384; *Burbridge* v. *Manners*, 3 Camp. 193. The fact that the performance of the personal obligation of the maker of the note was secured by mortgage did not change the character of the contract, or affect the negotiability of the note. It still expressed the obligation of the maker to pay the sum of money named, absolutely and at all events, at maturity, to the payee or to his indorsee, and still possessed the qualities of commercial paper. This was necessarily decided in numerous cases, where the question directly involved was as to whether the collateral security possessed the quality of negotiability, so that it might be enforced at the suit of a *bona fide* assignee before maturity, notwithstanding equities existing in favor of the mortgagor as against the mortgagee. The decisions maintaining the negotiable property of such collateral securities necessarily rested upon the ground that the principal contract, to which the securities were incident, was negotiable, and that the collateral securities partook of the same character. Thus the proposition which we here maintain as to the negotiability of the note is directly supported by the following among other decisions: *Carpenter* v. *Longan*, 16 Wall. 271; *Reeves* v. *Scully*, Walker's Ch. (Mich.) 248; *Dutton* v. *Ives*, 5 Mich. 515; *Taylor* v. *Page*, 6 Allen, 86; *Croft* v. *Bunster*, 9 Wis. 503; *Andrews* v. *Hart*, 17 Wis. 297. See, also, *Olds* v. *Cummings*, 31 Ill. 188; *Walker* v. *Dement*, 42 Ill. 272; *White* v. *Sutherland*, 64 Ill. 181; *Jones* v. *Smith*, 22 Mich. 360, where the same proposition is recognized. In citing these cases as authority upon the question here involved, we are not to be regarded as assenting to the doctrine that the collateral security passes to the *bona fide* assignee free from equities existing between the original parties. The law has not been considered to be so by this court. *Johnson* v. *Carpenter*, 7 Minn. 120, (176;) *Hostetter* v. *Alexander*, 22 Minn. 559.

While the making and transfer of contracts, in the form of negotiable instruments, secured by mortgage, by pledge of collaterals, and otherwise, has long been of very common occurrence, we have been referred to no authority, and we have found none, which asserts that such instruments, although collaterally secured, do not possess the ordinary qualities of commercial paper. Nor is there any good reason

why the contract made by the parties should receive a different construction from that which is universally put upon such instruments, by reason of the fact that the performance of the personal obligation of the maker of it was secured by a collateral instrument. The latter was not of a nature to modify or affect the character of the principal contract. The absolute promise to pay to the payee, or to his order, was not qualified by the mortgage. The note was put forth in the form of a negotiable paper; it was calculated to serve the purposes of such paper none the less by reason of the collateral security, which was not a necessary part of it. The note was a complete contract independent of the mortgage, and the mere release or discharge of the latter would not impair the obligation upon the former.

The statute relied upon by the defendant does not affect the case. It is as follows: "The recording of an assignment of a mortgage shall not in itself be deemed notice of such assignment to the mortgagor, * * * so as to invalidate any payment made * * * to the mortgagee." Gen. St. 1878, *c.* 40, § 24. Independent of this statute, a debtor paying his debt (not evidenced by an immature negotiable instrument) to his creditor, at any time before knowledge or notice of an assignment by the latter, in effect discharges the debt, and a prior assignment gives no right of further recovery; but such payment after notice of assignment is no defence to an action by the assignee. Other parts of the recording law give to the record of certain instruments the effect of constructive notice of their execution. The effect of the statute quoted is simply to provide that the record of the assignment of a mortgage shall not have that effect. It leaves unchanged the law as to the effect of payments. In case the debt is evidenced by a negotiable instrument, not yet mature, a payment to the payee will not prejudice the right of recovery by a *bona fide* holder at maturity. Such has always been the law, and the statute does not affect it.

The judgment of the district court was right and must be affirmed.