JOHN OSTER *vs.* MATHIAS MICKLEY.

May 28, 1886.

**Chattel Mortgage—Negotiability.**—The privileged character of negotiable paper does not extend to a mortgage by which it is secured; following *Johnson* v. *Carpenter*, 7 Minn. 120, (176,) and *Hostetter* v. *Alexander*, 22 Minn. 559.

**Principal and Agent—Conditional Sale.**—An agent intrusted with personal property to sell, may make a conditional sale on trial, or a contract to take effect as a sale in case the article on trial work satisfactorily.

The plaintiff brought this action in the district court for Stearns county, to recover the possession of two horses.   The defendant pleaded as a defence that the plaintiff had executed and delivered to the Aultman & Taylor Company a chattel mortgage upon the horses as security for two notes made and delivered by plaintiff to that company, which mortgage and notes were, before maturity and for value, indorsed, assigned, and transferred to the Mansfield Savings Bank of Ohio, and that the defendant, as agent of the bank, had taken possession of the horses under the terms of the mortgage, default having been made in the payment of the notes.   These facts were admitted

upon the trial before *Collins*, J., and a jury, and the plaintiff offered evidence, which was received against defendant's objection, to prove that the notes and mortgage were given in payment for a horse-power machine, which was sold to the plaintiff by the agents of the Ault-man & Taylor Company with the condition that if it did not work well they would take it back; that the machine did not work well, and was returned to the agents who sold it, and that they received the machine and promised to return the notes and mortgage, but failed to do so.   The court instructed the jury that, if they found that such a bargain had been made as was testified to on behalf of the plaintiff, they should find a verdict for plaintiff, to which instruction the defendant excepted.   A verdict was returned for the plaintiff, and the defendant appeals from an order refusing a new trial.

*Culler & Ritchie, D. W. Bruckart*, and *E. H. Morse*, for appellant.

Whenever the instrument secured is negotiable, and passes by in. dorsement free from all equities, the mortgage follows it also freed from equities.   1 Jones on Mortgages, § 834; Jones on Chattel Mortgages, § 513; Powell on Mortgages, *973; 1 Hilliard on Mortgages, 526; 1 Daniel on Neg. Inst. § 834; *Carpenter* v. *Longan*, 16 Wall. 271; *Potts* v. *Blackwell*, 4 Jones, Eq. 58; *Webb* v. *Hoselton*, 4 Neb. 308; *Rowan* v. *Adams*, 1 Sm. & M. 45; *McCormick* v. *Digby*, 8 Blackf. 99; *Burhans* v. *Hutcheson*, 25 Kan. 625; *Lewis* v. *Kirk*, 28 Kan. 497; *Croft* v. *Bunster*, 9 Wis. 503; *Kelley* v. *Whitney*, 45 Wis. 110; *Vandercook* v. *Baker*, 48 Iowa, 199; *Beals* v. *Neddo*, 1 McCrary, 206; *Taylor* v. *Page*, 6 Allen, 86; *Pierce* v. *Faunce*, 47 Me. 507; *Gould* v. *Marsh*, 4 T. & C. (N. Y.) 128; *Helmer* v. *Krolick*, 36 Mich. 371; *Updegraft* v. *Edwards*, 45 Iowa, 513; *Duncan* v. *Louisville*, 13 Bush, (Ky.) 378; *Billgery* v. *Ferguson*, 30 La. An. 84; *Logan* v. *Smith*, 62 Mo. 455.

*Oscar Taylor*, for respondent.

MITCHELL, J.   In *Johnson* v. *Carpenter*, 7 Minn 120, (176,) it was held that the privileged character of negotiable paper does not extend to the mortgage by which it is secured, but that the mortgage is subject to the same defences in the hands of an assignee as in the hands of the mortgagee.   This case was deliberately followed in *Hostetter* v. *Alexander*, 22 Minn. 559.   The doctrine of these cases received

recognition, and was at least impliedly approved, in *Blumenthal* v. *Jassoy*, 29 Minn. 177, (12 N. W. Rep. 517.) It is therefore now too late to question it in this court; neither would we have any disposition to do so, even if it were a question of first impression. The peculiar privileges which attach to negotiable paper constitute an exception to the common law regarding choses in action, and were accorded for the supposed benefit of trade; but, at least as applied to promissory notes, it may well be doubted whether they are not invoked to shield a fraud much oftener than to protect an honest business transaction. We are disposed to confine these privileges strictly to the notes themselves, and not to extend them to collateral mortgages. Of course, there is no distinction in this respect between mortgages on realty and those on personal property.

2. The appellant contends that there is no evidence that the agents of the Aultman & Taylor Company, who sold plaintiff the horse-power, had any authority to take it back, and agree to surrender the notes given for the purchase-money. It may well be doubted whether any such point was made in the court below. But, however this may be, the point is not well taken for another reason. The undisputed evidence (introduced without objection) is that the original bargain between plaintiff and their agent was that if the horse-power did not work he could return it. In short, that the only contract of sale ever made was merely a conditional one, on trial. The evidence is undisputed that the horse-power did not, and could not be made to work, and that thereupon plaintiff returned it to the agents of whom he got it. It will be conceded that a power to sell gives an agent no authority, after an unconditional sale, to make a new and subsequent contract rescinding the sale. But here the original contract itself was merely a conditional sale, on trial, with the privilege of returning in case the article did not work. The contract was to take effect as a sale, only in case the horse-power worked. Such a contract is within the authority of an agent intrusted with personal property to sell. *Deering* v. *Thom*, 29 Minn. 120, (12 N. W. Rep. 350.)

Order affirmed.