WILLIS A. WHITE *vs.* PETER S. MILLER *et al.*

Argued Jan. 10, 1893. Decided Jan. 25, 1893.

**Negotiable Note, not Affected as to its Maturity by a Collateral Mortgage.**

A negotiable promissory note, due in the future, according to its terms, cannot be brought to immediate maturity through a clause in a mortgage given to secure the same, authorizing the mortgagee to declare the debt or note due upon default in any of the provisions found in the mortgage.

Appeal by defendants, Peter S. Miller and Rozetta Miller, his wife, from an order of the District Court of Hennepin County, *Hooker,* J., made September 21, 1892, overruling their demurrer to the complaint.

On April 8, 1890, the defendants made and delivered to plaintiff, Willis A. White, their negotiable promissory note for $2,500, due five years thereafter, with interest at the rate of six per cent. a year. At the same time they made and delivered to plaintiff five other negotiable promissory notes for $75 each, due one on October 1, 1890; one on October 1, 1891; one October 1, 1892; one October 1, 1893; and the other on October 1, 1894, and all bearing interest at the

rate of ten per cent. a year until paid. At the same time the defendants duly made and delivered to plaintiff a mortgage to secure the payment of all the notes, in and by which they conveyed to him twelve hundred and forty acres of land situated in Sherburne county, the conveyance to be void if payment of the notes should be made. They therein covenanted and agreed to and with the mortgagee to pay said sums of money, and each of them, at the times and in the manner in said notes specified, together with interest, and all costs and expenses if any there should be. And they therein further covenanted that if default should be made by the mortgagors in any of the foregoing provisions, it should then be lawful for the mortgagee to declare the whole debt thereby secured to be due.

The first note for $75 fell due and was paid; but when the second note for $75 fell due, it was not paid, and the plaintiff on August 18, 1892, declared the remaining three notes for $75 each to be due, and brought this action upon them and upon the one past due, and demanded judgment for $300 and interest. The defendants demurred to each cause of action except the one on the past-due note, on the ground that the three notes were not due, notwithstanding the clause above mentioned. The trial court overruled the demurrer and defendants appealed.

*Weed Munro*, for appellants.

The notes are in and of themselves complete contracts, separate and distinct from, and independent of, the mortgage; and they give no right of action thereon until after maturity. *Blumenthal* v. *Jassoy*, 29 Minn. 177; *McClelland* v. *Bishop*, 42 Ohio St. 113.

That such notes are negotiable is thoroughly settled, yet if the notes and the mortgage given to secure them are, in the eyes of the law, but one instrument, the notes would thereby lose their negotiability. *Hostetter* v. *Alexander*, 22 Minn. 559; *Johnson* v. *Carpenter*, 7 Minn. 176, (Gil. 120.)

The mortgage is an incident of the debt, not of the notes. The notes and mortgage are simply separate securities for the debt. The mortgage is collateral security for the debt evidenced by the notes, and is subject to their terms and conditions, except when foreclosure

is sought. The note is the principal thing, and the mortgage only an accessory, and the terms of the note should control in a personal action. *Railway Co.* v. *Sprague*, 103 U. S. 756.

The clause in the mortgage making it lawful to declare the whole amount due upon default, follows immediately after the provision with reference to foreclosure; it should be construed with reference to the subject-matter, and its evident purpose, namely, to provide for but one suit in foreclosure. In this way it can be given full force, without rendering null the express stipulation of the notes. The terms of each contract can stand without rendering the other nugatory. *Mallory* v. *West Shore H. R. R. Co.*, 35 N. Y. Super. Ct. 174.

The case of *Noell* v. *Gaines*, 68 Mo. 649, was decided by a divided court. The force of the prevailing opinion is spent for the most part, in an attempt to reconcile it with former Missouri cases holding an opposite view. But the dissenting opinion of *Hough*, J., is much the more consistent, learned and logical.

In making the contract, it was the evident intention of the parties, that defendants should only be required to pay the notes as they became due by their terms; but if recourse to the security were necessary then the clause in the mortgage was to enable the mortgagee to foreclose for the whole sum secured in one proceeding. *Morgan* v. *Martien*, 32 Mo. 438; *Mason* v. *Barnard*, 36 Mo. 384.

The notes cannot be declared due, upon default for general purposes, nor can the plaintiff bring a personal action upon them prior to their maturity as expressed on their face. 1 Randolph, Com. Paper, § 114; 3 Id. § 1050; *McClelland* v. *Bishop*, 42 Ohio St. 113; *Hurck* v. *Erskine*, 45 Mo. 484.

There are cases in the reports that seem to enunciate a doctrine contrary to that for which appellants contend. But all of these cases proceed upon the theory that in all actions the rule laid down in *Wain* v. *Warlters*, 2 Smith's Lead. Cases, 243, with reference to reading several instruments together, must be followed literally, even to the extent of declaring an express contract, no contract. Most of these cases arose in foreclosure actions, and none of the opinions are so well considered, or so carefully prepared as is that in *McClel-*

v.52m.—24

*land* v. *Bishop*, 42 Ohio St. 113, or the dissenting opinion in *Noell* v. *Gaines*, 68 Mo. 649.

*Cobb & Wheelwright*, for respondent.

There is but one question involved in this appeal and that is, whether by the terms of the mortgage upon default, all the notes, at the plaintiff's election, become due for all purposes or merely for the purposes of foreclosure? This question now comes before this court for the first time. There are, without question, respectable authorities which hold that such a provision in the mortgage, giving the mortgagee the privilege of declaring the whole amount due upon default on the part of the mortgagor, relates simply to foreclosure proceedings, and does not vary for general purposes the obligations expressed on the face of the notes. All these authorities are cited by appellants' counsel in his brief.

On the other hand there are authorities supporting respondent's position. The notes and mortgage being executed and delivered at the same time, and being a part of the same transaction, should be construed together as parts of the same instrument. Though separate instruments, they are not separate contracts, but together constitute one contract. The purpose of the mortgage is to secure the notes; and the stipulations in the mortgage and in the notes relate to the same subject-matter, viz. the indebtedness evidenced by the notes. To construe them separately is to dissociate what the parties themselves have united and made mutually dependent. The intention of the parties can be gathered only from reading them together. So reading and construing them, the evident purpose of providing for an earlier maturity of the notes in certain contingencies, was, to provide an advantage or benefit for the payee or holder which he would not otherwise possess. Construing the several instruments as constituting a single contract, a construction making the notes due and payable for general purposes does not defeat or extinguish the obligations expressed in the notes, but simply accelerates the time of performance which only is contingent. This the parties have an unquestionable right to do, as between themselves, by expressing the condition in a separate writing. The stipulation in the mortgage is

unqualified and unconditional; and no language is used that shows an intention to limit its enforcement to proceedings on the mortgage. Hence the logical conclusion is that the parties intended that, upon the happening of the contingencies mentioned, the notes should become due and payable, not merely for the purpose of providing a remedy on the mortgage, but also for a suit at law on the notes, if the plaintiff so elects. *Noell* v. *Gaines*, 68 Mo. 649 ; *Wheeler & Wilson Mfg. Co.* v. *Howard*, 28 Fed. Rep. 741; *Chambers* v. *Marks*, 93 Ala. 412; 2 Jones, Mortg. (4th Ed.) §§ 1179, 1182.

The note and mortgage are to be construed as one contract. 1 Jones, Mortg. (4th Ed.) §§ 71, 76 ; *Beer* v. *Aultman-Taylor Co.*, 32 Minn. 90 ; *Schoonmaker* v. *Taylor*, 14 Wis. 313.

COLLINS, J. To affirm the order appealed from, we should be compelled to hold, as did the court below, that by means of a clause in the real-estate mortgage, hereinafter mentioned, the negotiable promissory notes—three in number, each for $75—described in plaintiff's 2d, 3d, and 4th causes of action, and another, for the sum of $2,500, had all been brought to maturity before the commencement of this action, although, according to their terms, none were then due or payable. The mortgage was executed by defendants, payors, to plaintiff, payee, to secure, and contemporaneously with, these notes, and two more, each for $75, one of which appears to have matured in the year 1890, while the other is the note set out in plaintiff's first cause of action, about which no question is made, as the same was past due and unpaid when this suit was brought. The mortgage was in the usual form, except that immediately preceding the *testimonium* clause, and, consequently, following all other terms and conditions, it was stipulated that, if default should be made in any of the prior provisions, it should be lawful for the mortgagee, his heirs, legal representatives, or assigns, "to declare the whole sum above specified to be due." One note being past due and unpaid, as appeared from the averments in the first cause of action, the plaintiff alleged, with reference to the other notes, that he had elected to declare, and had declared, the whole sum secured by the mortgage, including the notes sued on, to be due.

The simple question is whether, by reason of this clause, the plaintiff, mortgagee, was empowered, upon the maturity and nonpayment of one of this series of notes, and in disregard of an express provision in each fixing a due day in the future, to treat all, and for general purposes, as presently payable and in default, or whether his sole remedy was that of foreclosure, as provided for in the instrument containing the clause. The question is not a new one, and the few courts in which it has been presented have arrived at opposite conclusions. The cases in which this plaintiff's position has been sustained are, so far as we have discovered, *Wheeler & Wilson Manuf'g Co.* v. *Howard*, 28 Fed. Rep. 741, (oral opinion by Mr. Justice Brewer;) *Noell* v. *Gaines*, 68 Mo. 649, (with a lengthy dissent by Judge Hough;) and the recent case of *Chambers* v. *Marks*, 93 Ala. 412, (9 South. Rep. 74,) in which all of the authorities cited herein, except *Railway Co.* v. *Sprague*, 103 U. S. 756, are reviewed with much care and ability. It is plain, however, as contended by Judge Hough when dissenting, and as admitted by Justice Brewer when orally passing upon the Wheeler Case in the same state, that the conclusion reached by a majority of the court in *Noell* v. *Gaines, supra,* was a clear departure from former rulings of the same tribunal. We shall not undertake to state the views expressed in either of those opinions, for all are within easy reach of the profession. It sufficeth to say that all are predicated and rest upon the rule that instruments executed at the same time, for the same purpose, and in the course of the same transaction, are, in the eye of the law, one instrument, and will be read and construed together, as if they were as much one in form as they are in substance. The rule, as stated, stands unquestioned, but it seems to us, either that it has no application under circumstances like these, or that an erroneous application has been made of it. A note and a mortgage securing the same are separate instruments, distinctly differing in their nature and purpose. The debt evidenced by the note is the principal thing, and the note is governed by the law merchant, while the mortgage is simply an incident, and governed by the law of real property. It is true that, as an incident of the debt, the mortgage will pass to whomsoever receives a transfer of the debt, or will become extinguished by

a satisfaction of the debt; but so distinct are these instruments in their character, that it is settled in this jurisdiction that, as between a mortgagor and an assignee of the mortgagee, the mortgage is a mere chose in action, and is taken by the latter subject to all equities in favor of the mortgagor prior to notice of the assignment, and notwithstanding the negotiability of the note thereby secured. *Johnson* v. *Carpenter,* 7 Minn. 176, (Gil. 120;) followed in *Redin* v. *Branhan,* 43 Minn. 283, (45 N. W. Rep. 445.) The note is always regarded as a separate and distinct instrument, enforceable according to its terms, and independently of the mortgage. The principal one in this transaction, for the sum of $2,500, apparently due in 1895, not sued upon, but declared due prior to the commencement of this suit, according to the allegations of the complaint, may have theretofore passed, by indorsement, out of plaintiff's hands, and into those of a person who has actual or constructive notice of the questionable clause in the mortgage. With this declaration of the plaintiff, has this note matured, as between plaintiff and his indorsee, or, possibly, as between one or both of these parties and subsequent indorsers and indorsees? Or if it is urged that, with an indorsement of this one note, the right to declare the notes due passed to the purchaser, and was no longer with the plaintiff, would such purchaser possess the power to bring the entire series to maturity, against the wishes of the holders of the other notes, and perhaps without their knowledge? Again, let us suppose that subsequent to the commencement of this action the plaintiff transfers one or more of the notes yet to mature, according to their terms, to a purchaser for value. Have they matured as to such purchaser? Again, let us suppose that upon the face of these notes was an explicit reference to the mortgage, or, to make the illustration more pointed, to a mortgage with a clause like that involved in *Chambers* v. *Marks,* all of the notes becoming due when default occurred, no option being given the mortgagee. Would the notes lose their negotiability, the time of payment having been rendered uncertain through a clause in the mortgage read into each? Or would they lose their character as promissory notes because, in conjunction with the mortgage,—all to be treated as one instrument, —they became of no more effect than if all had been embraced in

one instrument? Again, taking the clause in the Alabama mortgage for illustration, would it be held that, by defaulting in the payment of a single note, a mortgagor, or his successor in interest, who desired to pay off an incumbrance upon his land, could force all of the notes thereby secured to maturity, and thus, at his option, compel a mortgagee, an assignee, or an indorsee of the paper to accept the amount evidenced thereby? We think not, and yet this is the logic of the rule established in the cases cited by plaintiff's counsel. If it is the rule for the mortgagee, it must be for the mortgagor. The plaintiff contends for a doctrine which seems to incorporate the provisions of a collateral instrument, given for one purpose,—mere security, which may be ignored, if the creditor chooses,—into another instrument, made for another purpose,—to evidence the debt, which is the principal thing.

It is the fact, as remarked by plaintiff's counsel, that there are in this action no embarrassing complications, such as might grow out of the relations of *bona fide* purchasers, sureties, and indorsers. But reflection upon the subject, and counsel's remark, suggest to us that complications which may be anticipated in future cases can very easily, and had best, be avoided at this time. The conclusion we reach we regard as sound in principle, designed to promote justice, and exactly in line with the intention of the parties, as gathered from their acts. We construe the notes and the mortgage with a view to giving effect to the provisions of *each in accordance with* the undoubted intention of the parties. We do not question the proposition that a clause might be inserted in a mortgage which would have the result of bringing the notes thereby secured to maturity when default was made in one, but, on a fair construction of the clause now before us, there was no such design. The clause in question was in the interest of the mortgagee, and must be construed with reference to the subject-matter and its object, which evidently was to mature, at the option of the mortgagee, the entire debt, for the purpose of foreclosure. It cannot be supposed that the parties intended to incorporate this clause in the notes, destroying, possibly, their negotiability and character. It had reference to the terms and conditions of the mortgage just preceding it, regarding foreclosure,

and did not bear upon the notes for general purposes; and, in thus limiting its effect, we give it full force, without rendering the express stipulations of the notes as to due day a nullity. The conditions in both notes and mortgages may stand, with this construction. The terms of the former as to maturity, for all purposes, may be preserved, while the conditions of the latter may be enforced by foreclosure for the entire debt. If the terms of one contract may be nullified, when both, relating to the same transaction, may stand together, and each be applied to its proper subject, why not wipe out the terms of the mortgage by the same method of reasoning that is used to extinguish the express provisions of the notes? As was said in the leading case on this side of the question, (*McClelland* v. *Bishop,* 42 Ohio St. 113:) "The stipulation in the mortgage should be construed as providing a remedy in the mortgage, and that, so far as foreclosure proceedings are concerned, the notes for that purpose are due, but for general purposes the obligations on the notes are to be determined by their own expressed terms. In this way, both contracts can stand, and be fully enforced according to the manifest intention of the parties." See, also, *Mallory* v. *West Shore H. R. R. Co.,* 35 N. Y. Super. Ct. 174, and dissenting opinion in *Noell* v. *Gaines, supra.* We are also of the opinion that the language in *Railway Co.* v. *Sprague, supra,* "the bonds being the principal thing, containing the obligation of the company, and the mortgage a mere security to insure the performance of that obligation, the terms of the bonds should control," is very suggestive on this question.

Order reversed.

(Opinion published 54 N. W. Rep. 736.)