CHANDLER ROBBINS v. O. JULIUS LARSON and Others.[1]

October 21, 1897.

Nos. 10,771—(202).

**Assignment of Mortgage—Record—Notice.**

The record of an assignment of a mortgage is constructive notice to all persons of the rights of the assignee, as against any subsequent acts of the mortgagee, save only as excepted by the statute.

**Same—Notice to Second Mortgagee.**

G. S. 1894, § 4183, to the effect that the assignment of a mortgage is not constructive notice to the mortgagor, his heirs and personal representatives, so as to invalidate any payment made by either of them to the mortgagee, applies only to the persons therein named, and has no application to a second mortgagee, or an assignee of his mortgage.

**Same—Equities as between First and Second Mortgagees.**

As between an assignee of a first mortgage, whose assignment was duly recorded before the making of a second mortgage, and the assignee of such second mortgage, the latter is not entitled to have the first mortgage canceled on the ground that, after the assignment of the first mortgage, it was paid to the mortgagee without actual notice of the assignment.

Appeal by defendant Stephen J. Menzies from an order of the district court for Otter Tail county, Baxter, J., denying his motion for a new trial after an order for judgment in favor of plaintiff. Reversed.

*Mason & Hilton,* for appellant.

G. S. 1894, § 4183, relating to the recording of an assignment of a mortgage, has no application to this case.   Such assignments, when recorded, are notice to the whole world, except the mortgagor, his heirs and personal representatives, the same as any other rec-

1 Reported in 72 N. W. 456.

ord. 1 Jones, Mort. (6th Ed.) §§ 479–482; Viele v. Judson, 82 N. Y. 32; Decker v. Boice, 83 N. Y. 215. Aside from this, the assignee of a mortgage takes it subject to the equities of the parties. If the mortgagee cannot himself enforce it, then the assignee cannot. Trustees v. Wheeler, 61 N. Y. 88; Crane v. Turner, 67 N. Y. 437; Greene v. Warnick, 64 N. Y. 220; Decker v. Boice, supra.·

*Houpt & Baxter*, for respondent.

START, C. J.

The facts in this case, as found by the trial court, are these: On November 8, 1888, the defendants Larson and wife executed to the defendant the Globe Investment Company their promissory note for $1,200, due in five years from its date, with interest, with a mortgage on the premises described in the complaint to secure its payment. The mortgage was duly recorded on November 8, 1888; and on November 28, 1888, the Globe Investment Company, for a valuable consideration, and in the usual course of business, duly assigned this note and mortgage to the defendant Menzies. His assignment was duly recorded December 4, 1888. Afterwards, and before the maturity of this note and mortgage, and on October 21, 1893, the mortgagors, Larson and wife, executed to the mortgagee, the Globe Investment Company, their other note, of like amount, due in five years, with interest, and secured its payment by a mortgage on the same premises described in the first mortgage. This second mortgage was duly recorded on November 22, 1893, and was given and received in payment of the first mortgage. The mortgagors, at the time of so paying the first note and mortgage, had no actual notice that they had been so assigned. Afterwards, and on March 30, 1895, the Globe Investment Company, for a valuable consideration, duly assigned the second note and mortgage to the plaintiff, which assignment was duly recorded on October 7, 1895. Other than this, neither mortgage has ever been paid.

This action was brought to foreclose the second mortgage, and to cancel and satisfy of record the first mortgage. None of the defendants answered, except the owner of the first mortgage, Menzies. As conclusions of law, the trial court found that the plaintiff was entitled to judgment of foreclosure and sale of the premises on his

mortgage, and, further, that the first mortgage be adjudged paid, and canceled of record. The defendant Menzies moved for a new trial, and appealed from an order denying it.

The appellant claims that the finding that the second mortgage was given in payment of the first one is not sustained by the evidence. The evidence on this fact was conflicting, and the trial court might well have found that the second mortgage was given in renewal, not in payment, of the first note and mortgage, but there was evidence sufficient to sustain the finding as made.

The only other question to be considered on this appeal is whether the facts found justified the conclusions of law that as between the plaintiff, the holder of the second mortgage, and Menzies, the owner of the first one, the first mortgage should be canceled as paid, and the second one foreclosed for the exclusive benefit of the plaintiff. The mortgagors, Larson and his wife, are not here asserting that the first mortgage has been paid, and that it ought to be canceled as to them. This litigation, then, is solely between the plaintiff and the defendant Menzies. If the latter were asserting in this action any claim against the Larsons, then the court might be called upon to adjust their respective equities; but Menzies is not seeking to foreclose his mortgage in this action, or asserting his claim, or asking any relief against them. His claim is that, as between the plaintiff and himself, the former is not equitably entitled to have the first mortgage canceled, and the second one foreclosed exclusively for the plaintiff's benefit.

A determination of this claim involves a construction of section 4183, G. S. 1894, which is in these words:

"The recording of an assignment of a mortgage shall not, in itself, be deemed notice of such assignment to the mortgagor, his heirs or personal representatives, so as to invalidate any payment made by them, or either of them, to the mortgagee."

This statute is a literal copy of the New York statute on the same subject.[2] The operation of this statute, by its terms, is limited to the mortgagor, his heirs and personal representatives. The object of the statute is manifest. It was intended to relieve the mortgagor,

[2] 2 G. S. (1846) pt. 2, c. 3, § 48 (p. 47).

his heirs and personal representatives, from the inconvenience and expense of having to examine the records to see if any transfers of the mortgage have been made, every time they wish to make a payment of interest or principal on the mortgage. Neither the language nor the spirit of the statute justifies its application to parties not named therein. It has no application to a subsequent mortgagee or his assignee. The record of an assignment of a mortgage is constructive notice to all persons of the rights of the assignee, as against any subsequent acts of the mortgagee affecting the mortgage, save only as excepted by the statute. A second mortgagee, or an assignee of his mortgage, is not within the statutory exceptions. G. S. 1894, § 4183; 1 Jones, Mort. (6th Ed.) §§ 479–482; Viele v. Judson, 82 N. Y. 32; Brewster v. Carnes, 103 N. Y. 556, 9 N. E. 323. The plaintiff, then, can claim no benefit from the statute, and is chargeable with notice of the assignment of the first mortgage to Menzies, and of his rights therein.

After the assignment of the first mortgage, the mortgagee, the Globe Investment Company, had in fact no authority to receive payment of it, or to discharge it, or to do anything whereby the rights of the assignee could be injuriously affected; and, from the time of the recording of the assignment, all the world, including the plaintiff, and excluding the mortgagor, his heirs and personal representatives, were chargeable with notice of such fact. Therefore, when the Globe Investment Company received the second mortgage in payment of the first, it was in fact an unauthorized act; and, while the statute protects the mortgagor in making the payment, it does not change the character of the act, as to persons not within the exceptions created by the statute. Hence the second mortgage taken by the Globe Investment Company in payment of the first mortgage was not its property. It held it in trust for the assignee, and had no authority to dispose of it so as to prejudice the assignee of the first mortgage. The Globe Investment Company, if it had not assigned the second mortgage, could not have foreclosed it and secured a cancellation of the first one. Neither can the plaintiff; for he purchased his mortgage subject to the equities of Menzies, and charged with notice of them.

The trial court seems to have disposed of the case against the

appellant on the ground that, where one of two innocent persons must suffer by the fraud of a third person, he by whose act the third person was enabled to perpetrate the fraud must bear the loss. Burgess v. Bragaw, 49 Minn. 462, 52 N. W. 45. This rule has no application to the facts of this case. If the plaintiff suffers any loss in this case, it will not be by reason of any neglect on the part of the appellant, but by his own neglect to examine the records before purchasing the second mortgage. If he had done so, he would have been fully advised in the premises. Even if the Globe Investment Company had actually discharged the first mortgage of record, an examination of the record would have disclosed the fact that it had no authority so to do, for the reason that it did not own the mortgage.

The order denying appellant's motion for a new trial must be reversed. So ordered.