REBECCA McMANAMAN v. WILLIAM A. HINCHLEY and Another.[1]

January 23, 1901.

Nos. 12,374—(176).

Foreclosure of Mortgage—Statute of Limitations.

In this action, which is one to foreclose a real-estate mortgage, it appears that the mortgage was executed in 1879 to secure the payment of two promissory notes of $500 each. One of the notes became due in 1880, and the other in 1881. The first maturing note was fully paid in 1894, but no payments were ever made upon the second note. This action to foreclose was commenced in 1899,—more than fifteen years from the time the second note matured. Held, that the payment of the first note did not toll the statute of limitations as to the second, or as to the mortgage, and both are barred by the statute.

Action in the district court for Steele county to foreclose a mortgage. The case was tried before Buckham, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendants appealed. Reversed.

*Wheelock & Sperry*, for appellants.

*J. O. Andrews, H. L. Schmitt* and *B. F. Hood*, for respondent.

BROWN, J.

Action to foreclose a real-estate mortgage. Plaintiff had judgment in the court below, and defendants appeal.

The facts are as follows: On July 15, 1879, plaintiff sold and conveyed to defendants the real property described in the com-

[1] Reported in 84 N. W. 1018.

plaint; and in part payment therefor defendants made and delivered to plaintiff their two certain promissory notes, for the sum of $500 each, to secure the payment of which they executed to plaintiff the mortgage sought to be foreclosed. One of such promissory notes became due and payable July 15, 1880, and the other July 15, 1881. Several payments were made on the note due in 1880; the last being an amount sufficient fully to pay the note, and was made in 1894. No payments were ever made on the other note. On the theory that the payment in 1894 of the first maturing note tolled the statute of limitations as to the second, and as to the mortgage as well, this action was brought to foreclose the mortgage. It was commenced in 1899,—more than fifteen years after the maturity of the notes. The trial court held that the payment in 1894 revived and continued in force the second note, and ordered the mortgage foreclosed. We are unable to concur with the learned trial court.

G. S. 1894, § 5141, provides:

"Every action to foreclose a mortgage heretofore or hereafter made upon real estate shall be commenced within fifteen years after the cause of action accrues,    *    *    *"

The cause of action referred to is the debt secured by the mortgage, and not the mortgage itself. The two notes secured by the mortgage involved in this action fell due in 1880 and 1881, respectively. One of the notes was wholly paid in 1894, and the question presented is whether such payment tolled the statute of limitations as to the other note, which became due in 1881, and upon which no payment has ever been made. If not, the judgment appealed from should be reversed. If such payment did not revive and continue the unpaid note, the note and mortgage are both barred by the statute, they being more than fifteen years overdue. If the payment in question operated to prevent the running of the statute as to the unpaid note, it had the same effect as to the mortgage. Carson v. Cochran, 52 Minn. 67, 53 N. W. 1130. If it had no such effect, then both are barred by the statute, and no foreclosure can be had. The payment cannot be held to have had the effect of continuing the mortgage separately

and independently of the remaining unpaid note. The payment was made upon the debt, and not upon the mortgage as an independent contract. The mortgage is but an incident of the debt, and can have no separate or independent existence as a contract. This is well settled in this state. Humphrey v. Buisson, 19 Minn. 182 (221); Johnson v. Carpenter, 7 Minn. 120 (176); Hostetter v. Alexander, 22 Minn. 559; Blumenthal v. Jassoy, 29 Minn. 177, 12 N. W. 517; Oster v. Mickley, 35 Minn. 245, 28 N. W. 710. If for any reason the secured debt be invalid, the mortgage becomes inoperative and cannot be enforced.

Perhaps a mortgage could be so drawn and worded as to represent and constitute both the evidence of the debt secured, and the security or remedy for its enforcement. But such is not this case. Here the mortgage is conditioned for the payment of $1,000 according to the terms of two promissory notes. Although originally they may have represented but one indebtedness, and that the purchase price of the land, the parties divided and separated it into two distinct contracts, and the mortgage was given to secure them accordingly. A payment upon one of the notes would not amount to a payment upon the other, they being separate and distinct contracts, and the fact that they were given for parts of the same debt does not change the situation. Brown v. Johnson, 20 La. An. 486; Pond v. Williams, 1 Gray, 630; Burn v. Boulton, 2 C. B. 485; Wood, Lim. 441, 442. A payment of one of a series of notes secured by a mortgage might very properly be held such an acknowledgment of the whole debt as to toll the statute of limitations as to the mortgage, and revive and continue it in force, where a mere verbal acknowledgment is sufficient for that purpose. Such is the law in Vermont. Phelps v. Stewart, 12 Vt. 256; Williams v. Finney, 16 Vt. 297; Martin v. Bowker, 19 Vt. 526. But in this state a verbal acknowledgment or promise to pay is insufficient to prevent the running of the statute of limitations. Such an acknowledgment, to answer such a purpose, must be in writing. G. S. 1894, § 5154. And as the mere payment of the first maturing note cannot have effect or be construed as an acknowledgment of the mortgage, as an independent contract, sufficient to take the case without the statute, we have only to

determine whether the payment of one of a series of promissory notes operates to toll the statute of limitations as to the other notes of the series.   On this question we follow the cases above cited, and hold that such payment can be referred, for the purposes of the statute of limitations, to the note upon which it is made and applied, only.   All such notes are separate contracts, and may be transferred to different persons, and it would be absurd to hold that a payment to John Doe upon a promissory note held by him would operate to toll the statute of limitations as to a note of the same series held and owned by Richard Roe.

Judgment reversed.