MARTHA PAULSEN v. JULIA L. KOON and Another.[1]

January 17, 1902.

Nos. 12,767—(168).

**Assignment of Mortgage—Notice of Equity.**
> An assignee without notice is charged with the equities existing in favor of the mortgagor in respect to the mortgage assigned.

**Negligence—Fraud.**
> Rule applied in a case where the mortgagor was negligent in signing a mortgage under the fraudulent representations of the mortgagee that it was a different instrument.

Action in the district court for Hennepin county to determine the adverse claims of defendants to land in possession of plaintiff. The case was tried before Elliott, J., and certain questions of fact were submitted to a jury. From a judgment in favor of defendant Koon, entered pursuant to the special verdict and the findings, plaintiff appealed. Reversed

*Fred W. Reed,* for appellant.

*Koon, Whelan & Bennett,* for respondents.

LEWIS, J.

An action to determine adverse claims to certain real estate. Respondent in her answer claimed a lien upon the property as assignee of a certain mortgage executed by appellant and her husband to one Coleman. For reply, appellant alleged that the premises in question were her homestead, that her husband had deserted her, and that, if she executed the note and mortgage, she did so upon the false representation of Coleman that it was a release which it was necessary to execute in connection with her husband in order that she might hold her homestead. The trial court submitted special findings to the jury, who found specially that appellant signed the note and mortgage without knowing the papers so signed constituted the note and mortgage, that she was induced to sign the same by false representations, and that she

[1] Reported in 88 N. W. 760.

received no consideration therefor. The jury further found that appellant was guilty of negligence in signing the papers. In addition to the findings of the jury, the trial court found that the note and mortgage before the note's maturity were transferred to T. M. Koon, who was a bona fide purchaser for value, without notice of the facts of fraud heretofore stated, and that respondent became the assignee of the mortgage and note, with actual knowledge of appellant's claim that the same were fraudulent and without consideration. Judgment was ordered and entered for respondent.

In disposing of this case we shall assume that respondent is entitled to recover if her assignor, T. M. Koon, was so entitled. Respondent admits the mortgage was a mere chose in action, and that the assignee acquired no greater rights than the mortgagee himself possessed, unless she is protected by the special finding as to negligence. We are therefore only required to determine what effect that finding has upon the rights of respondent or her assignor. To state the proposition more tersely: Who is to suffer? The innocent purchaser for a valuable consideration, or appellant, who was induced to execute this mortgage through false representations, and in its execution was negligent in not discovering the nature of the papers?

Respondent invokes the rule of equity that, as between one who has contributed to a fraud and a purchaser without notice, the courts will protect the innocent. We think the rule has no application to the facts of this case. By a long line of decisions, from Johnson v. Carpenter, 7 Minn. 120 (176), down to Moffett v. Parker, 71 Minn. 139, 73 N. W. 850, it has been held, and recognized as the settled law of this state, that a mortgage is a chose in action, and, upon assignment, subject to the equities existing in favor of the original parties. As between appellant and the mortgagee there can be no question but that the mortgage could be set aside upon the ground that it was fraudulently obtained. While there are cases wherein a mortgagor may be estopped from denying the execution of a mortgage in the hands of an innocent purchaser, they rest upon the principle that the mortgagor has such an interest in the execution of the mortgage, has obtained some benefit therefrom, or has wilfully practiced some fraud, which, in equity and

85 M.—16

good conscience, should estop him from attacking its validity. But here the only negligence charged against appellant is that she permitted herself to be deceived, and was induced to sign the mortgage, when she believed it to be an entirely different instrument. She received no consideration, and was in no manner benefited thereby. Her conduct was not wilful, nor of such nature that it may be declared to be grossly indifferent to the interests of third parties. She was presumably acting in good faith for her own interest. It is therefore immaterial that the jury found her negligent in signing the papers.

Judgment reversed.