# FIRST NATIONAL BANK OF GOODWIN, SOUTH DAKOTA, v. MARSHALL STATE BANK.[1]

November 10, 1927.

No. 26,326.

**Complaint of second mortgagee to recover money paid by mortgagor to first mortgagee failed to state a cause of action.**

Upon demurrer to a complaint alleging that: Defendant held a prior and plaintiff a subsequent real estate mortgage having a common mortgagor from whom defendant collected money to apply on its mortgage; credit was not given; it then assigned its mortgage to a third person covenanting the full amount unpaid; the assignment was recorded; and the mortgagor then paid defendant money sufficient to pay its mortgage in full, the plaintiff seeking to recover the moneys so received by defendant, *held* that the complaint fails to state a cause of action.

The privileged character of negotiable paper does not extend to a mortgage by which it is secured.

Mortgages, 41 C. J. p. 693 n. 85; p. 786 n. 45.
Payment, 30 Cyc. p. 1324 n. 66.

Plaintiff appealed from an order of the district court for Lyon county, Enersen, J., sustaining a demurrer to its complaint. Affirmed.

*J. N. Johnson,* for appellant.
*Hall & Gislason,* for respondent.

WILSON, C. J.

Appeal from an order sustaining a demurrer to the complaint.

It appears from the complaint that: Plaintiff holds a mortgage on lands in South Dakota owned by Rohweder, the mortgagor, who is a resident of Minnesota; the mortgagor gave a prior mortgage to defendant; the mortgagor paid a substantial sum to defendant to apply upon his mortgage indebtedness; defendant assigned the mortgage and the note secured thereby to one O'Connor, a resident

[1]Reported in 216 N. W. 231.

of South Dakota; the assignment recites the full amount of the mortgage as a consideration and covenants that amount is unpaid; the mortgage and the assignment have been recorded; and after assigning the mortgage defendant was paid in full by the mortgagor. The complaint asks for judgment against defendant for $9,288.65, the amount of the mortgage together with interest.

The facts alleged are insufficient to authorize us to say whether the payments so made to defendant extinguished the lien of the mortgage to the extent thereof. They may have. Perhaps not.

Plaintiff's theory is that, because the assignment of the mortgage securing negotiable instruments was made before maturity and for value, the assignee is a bona fide purchaser and plaintiff cannot defend against the enforcement of the mortgage on the ground of payment. Its claim is that while a mortgage does not of itself possess the quality of negotiability yet when given to secure a negotiable instrument it so far partakes of the character thereof that, when the obligation is so transferred as to free it from all equities existing in favor of the maker, the mortgagee will also be freed therefrom. Some authorities so hold. 19 R. C. L. § 127, p. 356, § 129, p. 358; Barbour v. Finke, 47 S. D. 644, 201 N. W. 711, 40 A. L. R. 829. But such is not the law in this state. We have a long line of decisions holding that the privileged character of negotiable paper does not extend to a mortgage by which it is secured. Johnson v. Carpenter, 7 Minn. 120 (176); Hostetter v. Alexander, 22 Minn. 559; Blumenthal v. Jassoy, 29 Minn. 177, 12 N. W. 517; Oster v. Mickley, 35 Minn. 245, 28 N. W. 710; Redin v. Branhan, 43 Minn. 283, 45 N. W. 445; White v. Miller, 52 Minn. 367, 54 N. W. 736, 19 L. R. A. 673; Watkins v. Goessler, 65 Minn. 118, 67 N. W. 796; Olson v. Northwestern G. L. Co. 65 Minn. 475, 68 N. W. 100; Moffett v. Parker, 71 Minn. 139, 73 N. W. 850, 70 A. S. R. 319; McManaman v. Hinchley, 82 Minn. 296, 84 N. W. 1018; Paulsen v. Koon, 85 Minn. 240, 88 N. W. 760.

It is clear that plaintiff must have the benefit of any proper payment which the mortgagor has made on the mortgage he gave to defendant. He can procure this in an action against the assignee

to cancel or in an action resisting its enforcement against the land. He is not without a remedy.

In this action it is asserted that defendant has collected money from the mortgagor. It had a right to collect while it owned the mortgage. If it later collected wrongfully, that does not concern plaintiff. Its situation is not changed. Plaintiff has not been required to pay out anything nor caused to lose anything by reason of such collection. It has not yet been injured. To the extent of legal payment, i. e. payment for which the mortgagor is entitled to credit, plaintiff will be benefited. The effect of such payment is to reduce the prior mortgage. Plaintiff cannot expect more. It is not entitled to the money and has now no cause of action for its recovery.

Plaintiff is not concerned with and cannot lay claim to any money received by defendant, which does not constitute such payment. It is not his. It has no connection with the prior mortgage. The mortgagor is concerned in such money because credit will not be given on his obligation secured by the prior mortgage as he supposed. Plaintiff, still not having been injured, cannot profit by the mortgagor's misfortune nor by the fact that defendant has unjustly enriched itself. The collection of such money does not affect plaintiff. Plaintiff cannot recover on the mortgagor's cause of action.

There is at present no violation of duty, contract or quasi contract which supports plaintiff's claim for a judgment against defendant. The complaint fails to state a cause of action.

Plaintiff does not plead the law of South Dakota, which has apparently adopted the rule contrary to that announced by us in the cases cited above. Barbour v. Finke, 47 S. D. 644, 201 N. W. 711, 40 A. L. R. 829. Whether plaintiff, under such law and the facts in this case, will eventually suffer an injury we cannot determine. If so, it may then have at least the fundamental requisite for a cause of action which is now absent.

Affirmed.