·JOHN W. JOHNSON AND ANOTHER v. E. E. HOWE.[1]

January 25, 1929.

No. 27,094.

See note in 29 L.R.A.(N.S.) 577; 41 L.R.A.(N.S.) 462; 19 R. C. L. 359, et seq.

*Ohman, Fryberger & Wangaard,* for appellants.

*G. H. Smith* and *E. L. Tong,* for respondent.

[1]Reported in 223 N. W. 148.

HOLT, J.

Plaintiffs appeal from the order denying a new trial.

The action was brought to restrain the foreclosure by advertisement of a mortgage upon the house and lot occupied and owned by plaintiffs on the ground that the amount claimed to be due thereon was excessive by $1,500. The facts are these:

On May 4, 1918, Otto W. Franzen owned the property and on that day borrowed $2,500 of John A. Lane, giving therefor six promissory notes signed by himself and wife, payable to the order of Lane at his office, each bearing six per cent interest, payable semi-annually. Five of the notes were for $100 each, the first one due in six months and one every six months thereafter, and one note for $2,000 due in five years. To secure payment of these notes Franzen and his wife executed and delivered a mortgage of the property to Lane, which was recorded May 23, 1918. On May 16, 1918, Lane assigned and delivered said notes and mortgage to defendant, which assignment was recorded on the 11th day of June, 1918. Franzen paid the five $100 notes as they became due to Lane at his office, without knowledge of the assignment. On March 26, 1921, several months after the last one of said five notes had been paid, the Franzens executed a contract for deed to P. L. Mattison and wife, in which contract the latter agreed and assumed "to pay a certain $2,000 mortgage now of record." Subsequently Franzen and wife, on November 29, 1921, quitclaimed the property to Ernest Hultquist, who on October 24, 1922, conveyed by deed of warranty to plaintiffs "subject to a $2,500 mortgage." Previous thereto, and on July 29, 1922, Mattisons assigned their contract for deed to plaintiffs, who after they became owners paid the interest to Lane at his office on the supposition that $500 had been paid on the mortgage debt, and on May 4, 1923, paid $1,000 on the principal, receiving Lane's receipt therefor. They also thereafter paid the semi-annual interest to him upon $1,000 and received receipts therefor, but Lane remitted to defendant interest upon $2,500, as if no part of the principal had been paid.

Plaintiffs had no experience in real estate transactions and evidently did not grasp the significance of the recital in the Hultquist

deed that the mortgage encumbrance therein excepted amounted to $2,500, nor understood that the abstract then at hand disclosed the assignment of the mortgage to defendant; for, as stated, they continued to pay interest to Lane on the supposition that the mortgage indebtedness was only $2,000 and also paid $1,000 on the last note to Lane. It is therefore plain that both Franzen and plaintiffs paid to Lane the sums stated in good faith believing that Lane was entitled to receive the same and without actual knowledge that the mortgage and notes had been assigned to defendant. The court found that defendant had retained possession of the notes all the time since they were assigned to him, that he had never authorized Lane to collect any of the principal of the debt, and dismissed the action without granting plaintiffs any relief. It is not denied that Lane was authorized to collect the interest.

The payments made by the mortgagor and the $1,000 payment made by plaintiffs stand upon different footings in law. Mattisons, Hultquist and plaintiffs, who each and all acquired an interest in the property through Franzen subsequent to the record of the mortgage and its assignment to defendant, are chargeable with constructive notice thereof, and paid the $1,000 of the principal at their peril, if Lane had no authority from defendant to receive and receipt therefor. The fact that the notes were made payable at Lane's office was not in itself sufficient to protect plaintiffs. Dwight v. Lenz, 75 Minn. 78, 77 N. W. 546; State v. Lawrence, 130 Minn. 10, 153 N. W. 123. The evidence does not call for a finding of either express, apparent, or implied authority on the part of Lane to receive in behalf of defendant the $1,000 payment made by plaintiffs. The evidence tending to establish authority is no stronger here than in Rutherford v. Morgan, 172 Minn. 433, 215 N. W. 842, and the cases therein referred to. Nor do plaintiffs come within the proviso of G. S. 1923, § 8225. In Robbins v. Larson, 69 Minn. 436, 438, 72 N. W. 456, 65 A. S. R. 572, it was said:

"The operation of this statute, by its terms, is limited to the mortgagor, his heirs and personal representatives. The object of the statute is manifest. It was intended to relieve the mortgagor, his

heirs and personal representatives, from the inconvenience and expense of having to examine the records to see if any transfers of the mortgage had been made, every time they wish to make a payment of interest or principal on the mortgage. Neither the language nor the spirit of the statute justifies its application to parties not named therein."

On the motion for amended findings or a new trial the court amended the findings to the effect that the mortgagor, Franzen, paid the first five $100 notes, which fell due before he sold to Mattisons, in good faith to Lane, the mortgagee, not knowing that he had assigned the mortgage. But the learned trial court was impressed by the reasoning of the courts which conclude that when a mortgage secures a negotiable promissory note it partakes of the nature of that instrument, so that if the note comes into the hands of a holder in due course no defense is available as to the mortgage that does not avail against the note.

We may concede that the weight of authority makes a distinction between mortgages securing negotiable instruments and those securing non-negotiable. See Smith v. First Nat. Bank, 23 Okl. 411, 104 P. 1080, annotated in 29 L.R.A.(N.S.) 577. But this court is committed to the doctrine that a mortgage, whether real or chattel, is a chose in action and so remains irrespective of whether the debt thereby secured is evidenced by negotiable or non-negotiable instruments. Johnson v. Carpenter, 7 Minn. 120 (176); Hostetter v. Alexander, 22 Minn. 559; Oster v. Mickley, 35 Minn. 245, 28 N. W. 710; Redin v. Branhan, 43 Minn. 283, 45 N. W. 445; White v. Miller, 52 Minn. 367, 54 N. W. 736, 19 L. R. A. 673; Watkins v. Goessler, 65 Minn. 118, 67 N. W. 796; Moffett v. Parker, 71 Minn. 139, 73 N. W. 850, 70 A. S. R. 319; Paulson v. Koon, 85 Minn. 240, 88 N. W. 760; Winne v. Lahart, 155 Minn. 307, 193 N. W. 587, 34 A. L. R. 844; First Nat. Bank of Goodwin v. Marshall State Bank, 172 Minn. 571, 572, 216 N. W. 231. In the last cited case it was said: "We have a long line of decisions holding that the privileged character of negotiable paper does not extend to a mortgage by which it is secured."

Before taking up the effect of the payments made by the mortgagor it might be well to consider the relation between the mortgage as a contract and the instrument evidencing the debt as a contract. It is true, the mortgage follows the debt or the instrument evidencing the debt as an incident thereto. If the debt is paid or the instrument evidencing the same is taken up or canceled, the mortgage ceases to be a lien or of any validity. In Blumenthal v. Jassoy, 29 Minn. 177, 12 N. W. 517, the maker of a note in the hands of a holder in due course was held liable, although the mortgage securing the same had been satisfied by the mortgagee to whom payment in good faith had been made without knowledge of the transfer of the note. In White v. Miller, 52 Minn. 367, 372, 54 N. W. 736, 19 L. R. A. 673, the court says:

"A note and a mortgage securing the same are separate instruments, distinctly differing in their nature and purpose. The debt evidenced by the note is the principal thing, and the note is governed by the law merchant, while the mortgage is simply an incident, and governed by the law of real property. It is true that, as an incident of the debt, the mortgage will pass to whomsoever receives a transfer of the debt, or will become extinguished by a satisfaction of the debt; but so distinct are these instruments in their character, that it is settled in this jurisdiction that, as between a mortgagor and an assignee of the mortgagee, the mortgage is a mere chose in action, and is taken by the latter subject to all equities in favor of the mortgagor prior to notice of the assignment, and notwithstanding the negotiability of the note thereby secured. * * * The note is always regarded as a separate and distinct instrument, enforceable according to its terms, and independently of the mortgage." See also Welbon v. Webster, 89 Minn. 177, 94 N. W. 550; Winne v. Lahart, 155 Minn. 307, 193 N. W. 587.

This action does not involve the rights or liabilities of the makers of the notes, and likely the statute of limitation has barred recovery on all of the five notes paid by Franzen. The makers of the notes are not parties to this action. Plaintiffs did not covenant or agree to pay the notes. This suit concerns only the mortgage and the

amount for which it is now a lien on the premises. Of course for a consideration a mortgage may be discharged in whole or in part without paying the notes or debt it secures. The holder of notes secured by a mortgage has two remedies, either or both of which he may pursue. One is to seek a personal judgment against the maker of the notes; the other is to foreclose the mortgage. Slingerland v. Sherer, 46 Minn. 422, 49 N. W. 237. We come then to this question: Did the payment by Franzen, the mortgagor, to Lane, the mortgagee, without knowledge of the assignment to defendant, reduce the lien of the mortgage to $2,000? We think the answer must be in the affirmative. Once reduced, it cannot be increased. No estoppel can be urged against Franzen or plaintiffs, who never had any communication with defendant. Johnson v. Carpenter, 7 Minn. 120 (176), has stood as the law since 1862. It was expressly adhered to in Olson v. N. W. Guaranty Loan Co. 65 Minn. 475, 68 N. W. 100, notwithstanding the vigorous dissent of Mr. Justice Canty. The statute in 1862 was the same as now, reading:

"The record as herein provided of any instrument properly recorded shall be taken and deemed notice to parties: Provided, that the record of an assignment of a mortgage shall not in itself be notice of such assignment to the mortgagor, his heirs or personal representatives, so as to invalidate any payment made by either of them to the mortgagee."

In Johnson v. Carpenter, 7 Minn. 120, 125 (176), after referring to this proviso, it was said:

"It seems, therefore, that a mortgagor may always pay his mortgage debt to the mortgagee, whether the mortgage has been assigned or not, if he pays in good faith and without knowledge of the assignment; and also that an assignee, to be fully protected against such payments, must do more than simply place his assignment on record; he must bring home to the mortgagor actual notice that the assignment has been [made]. It will be observed that this provision of statute is general in its application to mortgages, making no exception in regard to such as are collateral to negotiable paper.

\* \* \* The rule, as we collect it from the books, is, that where a debt is secured by a mortgage on real estate, and also by negotiable promissory note, the mortgage is a chose in action, as between the mortgagor and any subsequent assignee, and is taken subject to the state of accounts between the mortgagor and mortgagee, at the time of the assignment, and to all payments made by the mortgagor to the mortgagee at any time before actual notice of the assignment. \* \* \* If the mortgagor pays the mortgage to the mortgagee after it has been assigned, without notice of the assignment, the lien is extinguished, and the land cleared of the encumbrance, and the mortgagee becomes a trustee of the sum paid for the benefit of the owner of the debt."

It follows that under the findings here, as amended, the lien of the mortgage was extinguished pro tanto to the payment made by Franzen, the mortgagor. Olson v. N. W. Guaranty Loan Co. 65 Minn. 475, 68 N. W. 100, follows and applies Johnson v. Carpenter, 7 Minn. 120 (176).

In Illinois, where the rule has been established that a mortgage is a chose in action even though securing a negotiable instrument with no statute similar to ours, above set out, it has been held that payment to the mortgagee by the mortgagor without knowledge of an assignment of the mortgage extinguishes the mortgage lien to the extent of the payment. McAuliffe v. Reuter, 166 Ill. 491, 46 N. E. 1087; Napieralski v. Simon, 198 Ill. 384, 64 N. E. 1042; Bartholf v. Bensley, 234 Ill. 336, 84 N. E. 928.

The order denying a new trial is reversed and the cause remanded to the trial court to amend the conclusions of law to conform to this opinion.