R. N. GORDON v. FRANCIS M. OBERLE.[1]

April 2, 1931.

No. 28,351.

[1]Reported in 235 N. W. 875.

*W. T. Hanzal,* for appellant.
*Moonan & Moonan,* for respondent.

OLSEN, J.

Defendant appeals from an order denying his motion for a new trial.

Defendant, on February 12, 1926, gave his promissory note for $241 to John Manthey & Son in part payment for a Ford car. Shortly after the note was given John Manthey & Son sold and duly negotiated the note to the plaintiff by proper indorsement and delivered the same to plaintiff. Defendant thereafter, without notice of the transfer of the note to plaintiff, made several payments to Manthey & Son of interest and principal of the note, the last payment being $66.97 to cover the balance due thereon. Manthey & Son did not have possession of the note or any authority to collect thereon at the time these payments were made. They did transmit to plaintiff interest and principal on the note reducing the amount due thereon to $140 and some interest. Plaintiff made demand on defendant for payment of this balance. Defendant then informed plaintiff that he had paid Manthey & Son. Negotiations were had as to a settlement of the matter. Plaintiff and defendant went together to see John Manthey, who was then in the county jail. Manthey admitted that he had received the money and had not turned it over to the plaintiff. Plaintiff and defendant then went to see a banker and consulted with him as to whether defendant was liable to plaintiff and as to what should be done. The banker held that defendant would have to pay. Plaintiff threw off the interest on the note. Defendant did not have cash to pay the $140 principal remaining on the note. It was agreed that defendant should give plaintiff a new note for $140, due in six months. The banker prepared the note, and defendant signed and delivered it to plaintiff. Plaintiff then surrendered the prior note to defendant, who has since retained it. This action is on the new note. On

these facts the court directed a verdict in favor of plaintiff. We conclude that the court was right in so doing.

The court held that the original note was a negotiable instrument. Plaintiff was prima facie a holder in due course under G. S. 1923 (2 Mason, 1927) § 7102, and there is no evidence of defective title thereto. Defendant paid his money to Manthey & Son without requiring the production or surrender of the note and without inquiry as to any transfer thereof. One of two innocent persons will suffer loss unless Manthey & Son are financially responsible so that recourse can be had against them. No decision we could make would prevent such loss to one or the other. In that situation the holder in due course of a valid note has the better legal position and should prevail. The general rule is that:

"Payment made to the payee of a negotiable bill·or note, where he has transferred the instrument before maturity, without requiring the production and surrender of the instrument, is· ordinarily insufficient as against the transferee." 8 C. J. p. 598, § 835; Blumenthal v. Jassoy, 29 Minn. 177, 12 N. W. 517.

The defendant contends that the payment to Manthey & Son paid the original note and therefore there was no consideration for the new note. Having concluded that the payment to Manthey & Son did not operate as payment of the original note, the surrender of that note was valid consideration for the new note. What the effect was of the giving of the new note and the surrender of the original note to defendant, after he was fully informed that Manthey & Son had misapplied the money, we need not here determine. There is no evidence of fraud or deceit in obtaining the new note.

Order affirmed.